# EXHIBIT A

# TRO

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEXTPOINT FINANCIAL INC. *et. al*,<br><br>Debtors in a foreign proceeding.[1] | Chapter 15<br><br>Case No. 23-10983 (TMH)<br><br>(Jointly Administered)<br>Re: D.I. __ |

## TEMPORARY RESTRAINING ORDER

Upon the motion for certain provisional and injunctive relief (the "**Motion**")[2] filed by the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, the "**Debtors**") seeking entry of an order granting provisional relief (the "**Order**") under the Bankruptcy Code to protect the Debtors and their property within the territorial jurisdiction of the United States pending recognition of the Debtors' proceedings currently pending in Canada pursuant to the CCAA (the "**Canadian Proceedings**"); and upon this Court's review and consideration of the Motion, Verified Petition, Kravitz Declaration, and the Brousson Declaration; this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: NextPoint Financial Inc. (6134); LT Holdco, LLC (8090); LT Intermediate Holdco, LLC (0811); SiempreTax+ LLC (6145); JTH Tax LLC (8391); Liberty Tax Holding Corporation (N/A); Liberty Tax Service, Inc. (N/A); JTH Financial, LLC (1522); JTH Properties 1632, LLC (0248); Liberty Credit Repair, LLC (5427); Wefile, LLC (6778); JTH Tax Office Properties, LLC (0248); LTS Software LLC (6450), JTH Court Plaza, LLC (2116); 360 Accounting Solutions LLC (8312); LTS Properties, LLC (9088); NPI Holdco LLC (1936); CTAX Acquisition LLC (6975); Community Tax Puerto Rico LLC (4349); Community Tax LLC (8001); NPLM Holdco LLC (8132); MMS Servicing LLC (7430); LoanMe, LLC (5663); LoanMe Funding, LLC (2305); LM Retention Holdings, LLC (N/A); LoanMe Trust-Prime 2018-1 (0257); LoanMe Trust SBL 2019-1 (N/A); LoanMe Stores, LLC (3810); InsightsLogic, LLC (0818); and LM 2020 CM I SPE, LLC (N/A). The location of the Debtors' headquarters is 500 Grapevine Hwy, Suite 402, Hurst, TX 76054, and the Debtors' mailing address is 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5.

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

ACTIVE\900835605.14

157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q) and Local Rule 9013-1(m); and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein are made under Bankruptcy Rule 7052 and are applicable to these cases under Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B. There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceedings constitute a "foreign main proceeding" or, in the alternative "foreign non-main proceedings" as defined in section 1502(4) and (5) of the Bankruptcy Code.

C. This Court, pursuant to sections 105(a), 1507, 1519 and 1521 of the Bankruptcy Code, Rule 7065 of the Bankruptcy Rules, and Rule 65 of the Federal Rules, may issue any order as may be necessary or appropriate to carry out the provisions of the Bankruptcy Code, including but not limited to issuing a temporary restraining order.

D. Consistent with findings by the Canadian Court and relief granted under the Initial Order, unless a temporary restraining order is issued with respect to the Debtors, and to the same extent provided in the Initial Order, there is a material risk that the Debtors' creditors or other

3

parties-in-interest in the United States could use the Canadian Proceedings and these chapter 15 cases as a pretext to exercise certain remedies with respect to the Debtors.

E. Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the Canadian Proceedings, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

F. From specific facts in the Verified Petition and by the Motion, it appears that:

   i. immediate and irreparable injury, loss or damage would result to the Debtors before the adverse parties or those parties' attorneys can be heard in opposition;

   ii. without the relief sought the Debtors will suffer litigation prejudice, distraction of key personnel, and diminution of property; and

   iii. the relief requested is in the best interests of the Debtors, its creditors and other parties in interest.

G. The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Initial Order.

H. The interest of the public will be served by this Court's entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. a temporary restraining order is issued on this ___ day of July, 2023 at ____ a.m./p.m. (the "**TRO Date**"), without notice, applying Bankruptcy Code section 362(a) to the Debtors and their assets and enjoining all persons and entities, and all those acting for

4

or on their behalf, from taking the following actions in the United States and its territories:

    i. executing against or further attaching or arresting any of the Debtors' assets;

    ii. commencing or continuing any litigation or any action or taking any other actions against or involving the Foreign Representative, the Debtors, or any of the Debtors' assets, rights, obligations or liabilities;

    iii. securing or enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, attachment, order or arbitration award against the Debtors, the Foreign Representative, or any Debtors' assets;

    iv. commencing or continuing any action to create, perfect or enforce any lien, setoff, attachment, or other claim against the Debtors, the Foreign Representative, or any of the Debtors' assets;

    v. continuing the Litigation or commencing any additional actions in the United States, in any manner, which shall include issuing any discovery;

    vi. enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors, the Foreign Representative or any of the Debtors' assets; and

    vii. taking any other action that would be in violation of any order of the Canadian Court or this Court,

until either (x) the Provisional Relief Order is entered by this Court at a hearing, or (y) if the Provisional Relief Order is not granted, for a period of fourteen (14) days from the TRO Date, without prejudice to the Debtors' ability to seek a further extension of time from this Court.

2. As required by Bankruptcy Rule 7065, the security provisions of rule 65(c) of the Federal Rules of Civil Procedure are waived.

3. Appropriate notice of the filing of the Motion was given which notice is deemed adequate.

4. The requirements set forth in Bankruptcy Rule 1007(a)(4)(B) are waived with respect to the Provisional Relief, to the extent such requirements have not already been satisfied by the Bankruptcy Disclosures.

5. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

ACTIVE\900835605.14