# EXHIBIT B

**Provisional Relief Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEXTPOINT FINANCIAL INC. *et. al,*<br><br>Debtors in a foreign proceeding.[1] | Chapter 15<br><br>Case No. 23-10983 (TMH)<br><br>(Jointly Administered)<br>Re: D.I. __ |

## ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

Upon the motion for certain provisional and injunctive relief (the "**Motion**")[2] filed by the foreign representative (the "**Foreign Representative**") of the above-captioned debtors (collectively, the "**Debtors**") seeking entry of an order granting provisional relief (the "**Order**") under the Bankruptcy Code to protect the Debtors and their property within the territorial jurisdiction of the United States pending recognition of the Debtors' proceedings currently pending in Canada pursuant to the CCAA (the "**Canadian Proceedings**"); and upon this Court's review and consideration of the Motion, Verified Petition, Kravitz Declaration, and the Brousson Declaration; this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; consideration of the

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: NextPoint Financial Inc. (6134); LT Holdco, LLC (8090); LT Intermediate Holdco, LLC (0811); SiempreTax+ LLC (6145); JTH Tax LLC (8391); Liberty Tax Holding Corporation (N/A); Liberty Tax Service, Inc. (N/A); JTH Financial, LLC (1522); JTH Properties 1632, LLC (0248); Liberty Credit Repair, LLC (5427); Wefile, LLC (6778); JTH Tax Office Properties, LLC (0248); LTS Software LLC (6450), JTH Court Plaza, LLC (2116); 360 Accounting Solutions LLC (8312); LTS Properties, LLC (9088); NPI Holdco LLC (1936); CTAX Acquisition LLC (6975); Community Tax Puerto Rico LLC (4349); Community Tax LLC (8001); NPLM Holdco LLC (8132); MMS Servicing LLC (7430); LoanMe, LLC (5663); LoanMe Funding, LLC (2305); LM Retention Holdings, LLC (N/A); LoanMe Trust-Prime 2018-1 (0257); LoanMe Trust SBL 2019-1 (N/A); LoanMe Stores, LLC (3810); InsightsLogic, LLC (0818); and LM 2020 CM I SPE, LLC (N/A). The location of the Debtors' headquarters is 500 Grapevine Hwy, Suite 402, Hurst, TX 76054, and the Debtors' mailing address is 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5.

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); venue being proper before this Court pursuant to 28 U.S.C. § 1410(1) and (3); appropriate, sufficient and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q) and Local Rule 9013-1(m); and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and made applicable to these proceedings pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B. There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceedings constitute a "foreign main proceeding" or, in the alternative "foreign non-main proceedings" as defined in section 1502(4) and (5) of the Bankruptcy Code and that the Court will determine that the additional relief sought herein, including the relief under sections 362 and 364, is necessary to effectuate the purpose of chapter 15 and the assets of the Debtors and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

C. The commencement or continuation of any action or proceeding in the United States against the Debtors should be enjoined pursuant to sections 105(a) and 1519 of the

Bankruptcy Code to permit the expeditious and economical administration of the Canadian Proceedings, and such relief will either (a) not cause an undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

D.  Consistent with findings by the Canadian Court and relief granted under the Initial Order, unless a preliminary injunction is issued with respect to the Debtors, and to the same extent provided in the Initial Order, there is a material risk that the Debtors' creditors or other parties-in-interest in the United States could use the Canadian Proceedings and these chapter 15 cases as a pretext to exercise certain remedies with respect to the Debtors.

E.  Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the Canadian Proceedings, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the Debtors' creditors. Accordingly, there is a material risk that the Debtors may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

F.  The Initial Order provides for, among other things, certain charges and security in the Debtors' Property, including an Administration Charge, a Directors Charge, CRO Charge, and the DIP Lenders' Charge. Further, the Initial Order authorizes the Debtors to borrow from the DIP Lenders such amounts from time to time as the Debtors may consider necessary and desirable up to an aggregate principal amount not exceeding $25,000,000 on the terms and conditions set forth in the DIP Term Sheet and provides that all of the Property of the Debtors is subject to the DIP Lenders' Charge as security for the Interim Financing Obligations (as defined in the DIP Term Sheet).

G. Entry of an order of this Court recognizing and enforcing the Initial Order in the United States and applying the DIP Charges to the Debtors' property located in the territorial jurisdiction of the United States, is necessary to give effect to the Initial Order as it relates to the Debtors and their Property in the United States and is required by the DIP Term Sheet.

H. The Foreign Representative has demonstrated that the incurrence of the indebtedness under the DIP Facility and the granting of liens and charges negotiated in connection with the DIP Facility, as authorized by the Initial Order is necessary to prevent irreparable harm to the Debtors. Without such financing, the Debtors will be unable to continue operations and fund their restructuring proceedings, which will significantly impair the value of the Debtors and their assets. Further, the amount that the Debtors have been authorized to borrow pursuant to the Initial Order is reasonably necessary for the continued operations of the Debtors in the ordinary course of business pending entry of the Recognition Order.

I. The Foreign Representative has demonstrated that the terms of the DIP Facility, as approved by the Initial Order are fair and reasonable and were entered into in good faith by the Debtors and the DIP Lenders and that the DIP Lenders would not have extended financing without the protections provided by section 364 of the Bankruptcy Code, made applicable by section 1519(a)(3) of the Bankruptcy Code. The Foreign Representative has demonstrated that the terms of the DIP Facility are reasonable under the circumstances.

J. The Foreign Representative has demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting recognition and giving effect to the Initial Order.

K. The interest of the public will be served by this Court's entry of this Order.

L. The Foreign Representatives and the Debtors are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Beginning on the Petition Date and continuing until the date of the entry of an order of this Court recognizing the Canadian Proceedings as "foreign main proceedings" or in the alternative, "foreign non-main proceedings" as defined in section 1502(4) or, in the alternative of the Bankruptcy Code and the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code), with respect to the Debtors:

   a. the Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

   b. section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order shall impose a stay within the territorial jurisdiction of the United States of:

      i. the execution against any of the Debtors' assets;

      ii. the commencement or continuation, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets, located in the United States except as authorized by the Debtors in writing;

      iii. the creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

      iv. any act to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Debtors' chapter 15 cases; and

v. the setoff of any debt owing to any of the Debtors that arose before the commencement of the Debtors' chapter 15 cases against any claim against of the Debtors.

c. section 364 of the Bankruptcy Code is applicable with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without limiting the generality of the foregoing, this Order, without limitation:

i. shall grant liens and security interests in the Debtors' Property located within the territorial jurisdiction of the United States pursuant to section 364(d)(1) of the Bankruptcy Code in respect of, and in accordance with, the Administration Charge, Directors' Charge, CRO Charge and DIP Lenders' Charge; and

ii. finds any loans made by the DIP Lender in accordance with the DIP Term Sheet prior to the entry of the Recognition Order are extended in "good faith" as contemplated by 364(e) of the Bankruptcy Code, such that the validity of DIP Loans, and the priority of the DIP Lenders' Charge in respect of the Debtors' Property located within the territorial jurisdiction of the United States shall not be affected by any reversal or modification of this Order on appeal or the entry of an order denying the Debtors' request for entry of the Recognition Order.

d. the Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a)(3) and 1521 of the Bankruptcy Code; and

e. notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Foreign Representative is authorized and empowered, and may, in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Provisional Relief Order.

ACTIVE\900835605.14

2. The Foreign Representative, in connection with its appointment as the "foreign representative" in these cases, and the Debtors, is hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

3. Pursuant to sections 1519 and 364 of the Bankruptcy Code, to the extent authorized under the Initial Order, the Court grants, on a provisional basis, the Administration Charge, the Directors' Charge, DIP Lenders' Charge and the CRO Charge on all the Debtors' Property located in the territorial jurisdiction of the United States in the same priority granted in the Canadian Proceedings.

4. The Initial Order (as entered by the Canadian Court), attached hereto as **<u>Exhibit 1</u>**, is hereby given full force and effect on a provisional basis with respect to the Debtors and their property located in the territorial jurisdiction of the United States, including, without limitation, the sections of the Initial Order (a) staying the commencement or continuation of any actions against the Debtors and their assets and (b) granting the Directors' Charge, Administration Charge, DIP Lenders' Charge and CRO Charge.

5. Pending entry by this Court of the Recognition Order, the Foreign Representative and the Debtors are entitled to the benefits of, and may comply with, the terms and conditions of the Directors' Charge, Administration Charge, DIP Lenders' Charge and CRO Charge, including, but not limited to, the payment of associated fees and expenses as they come due without further notice or order of this Court.

6. This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the liens granted in the Canadian Proceedings as they apply to the Debtors and their property located in the territorial jurisdiction of the United States in respect of the Administration Charge, the Directors' Charge, the CRO Charge and the DIP Lenders'

Charge without the necessity of filing or recording this Order or any financing statement, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction; provided that the Debtors are authorized to execute, and the DIP Lenders may file or record, any financing statements, mortgages, other instruments to further evidence the validity, perfection, and priority of the liens granted in the Canadian Proceedings as they apply to the Debtors and their property located in the territorial jurisdiction of the United States.

7. The DIP Term Sheet has been negotiated in good faith between the Debtors and the DIP Lender. Any financial accommodations to the Debtors by the DIP Lenders pursuant to the Initial Order and the DIP Term Sheet shall be deemed to have been made by the DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code. Accordingly, pursuant to sections 364(e), 1521(a)(7), and 105(a) of the Bankruptcy Code, section 364(e) of the Bankruptcy Code hereby applies for the benefit of the DIP Lender, and the validity of the indebtedness, and the priority of the liens authorized by the Initial Order, made enforceable in the United States by this Order, shall not be affected by any reversal or modification of this Order on appeal or the entry of any order denying recognition of the Canadian Proceedings pursuant to section 1517 of the Bankruptcy Code.

8. Pursuant to Bankruptcy Rule 7065, the security provisions of rule 65(c) of the Federal Rules of Civil Procedure are waived.

9. Service procedures as set forth in the Notice Procedures Motion shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Federal Rules, Bankruptcy Rules or Local Rules.

10. The requirements set forth in Bankruptcy Rule 1007(a)(4)(B) are waived with respect to the Provisional Relief, to the extent such requirements have not already been satisfied by the Bankruptcy Disclosures.

11. The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

12. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

# EXHIBIT 1

**Initial Order**

ACTIVE\900835605.14