EXHIBIT B
Redline of Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| LM BP Holdings, LLC, | Case No. 23-11660 (TMH) |
| Debtor in a Foreign Proceeding. | (Joint Administration Requested) |
| | **Re: D.I. No. __** |

**ORDER (I) GRANTING CHAPTER 15 RECOGNITION AND**
**RELATED RELIEF, AND (II) DIRECTING THAT CERTAIN ORDERS**
**IN THE CHAPTER 15 CASE OF NEXTPOINT FINANCIAL INC. BE MADE**
**APPLICABLE TO ADDITIONAL DEBTOR IN SUBSEQUENTLY FILED CASE**

Upon consideration of the Official Form 401 [D.I. 1] and *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Other Related Relief* [D.I. 5] (together, the **"Chapter 15 Petition"**) and the *Motion of Authorized Foreign Representative for a Final Order (I) Granting Chapter 15 Recognition and Related Relief, and (II) Directing that Certain Orders in the Chapter 15 Case of NextPoint Financial beBe Made Applicable to Additional Debtor in Subsequently Filed Case* [D.I. [ 3] ] (the "**Motion**") [1] filed by NextPoint Financial Inc. ("**NextPoint**"), in its capacity as the duly-appointed foreign representative (the "**Foreign Representative**") of the above-captioned debtor (the "**Additional Debtor**"), in a voluntary restructuring proceeding (the "**LM BP Canadian Proceedings**") under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "**CCAA**"), pending before the Supreme Court of British Columbia (the "**Canadian Court**"), as well as upon consideration of *Memorandum of Law in Support of the*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

*Foreign Representative for Chapter 15 Recognition and Final Relief* (the "**Memorandum of**
**Law**") [D.I. 12], the *Declaration of Peter Kravitz in Support of the Debtor's Verified Petition for*
*(I) Recognition of Foreign Main Proceedings or, in the Alternative, Foreign Non-Main*
*Proceedings, (II) Recognition of Foreign Representative, and (III) Debtors' Motion for Certain*
*Provisional Relief* (the "**Kravitz Declaration**") [D.I. 9], filed in the Original NextPoint Cases,
and the *Declaration of Peter Kravitz in Support of the Foreign Representative's Motion for*
*Entry of an Order (I) Granting Chapter 15 Recognition and Related Relief and (II) Directing*
*that Certain Orders in the Chapter 15 Case of NextPoint Financial Inc. Be Made Applicable to*
*Additional Debtor in Subsequently Filed Case* ("**LM BP Kravitz Declaration**"), and upon
consideration of any responses or oppositions to the Motion or Chapter 15 Petition, and after due
and sufficient notice of hearing on the Motion,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334;

b.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P);

c.     Venue is proper in this District under 28 U.S.C. § 1410;

d.     Notice of the hearing on the Motion was sufficient under the circumstances and
no further or other notice of or hearing on the Motion is necessary or required;

e.     This chapter 15 case was properly commenced and in accordance with 11 U.S.C.
§ 1504;

f.     The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515;

g.      The Foreign Representative is a "person" within the meaning of 11 U.S.C. §101(41) and is the duly appointed foreign representative of the Additional Debtor within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2);

h.      The LM BP Canadian Proceeding is a foreign proceeding under 11 U.S.C. § 101(23);

i.      The LM BP Canadian Proceeding is pending in Canada, which is the location of the Additional Debtor's center of main interests, and, therefore, the LM BP Canadian Proceedings are foreign main proceedings within the meaning of 11 U.S.C. § 1502(4);

j.      The LM BP Canadian Proceedings are entitled to recognition as foreign main proceedings because they meet the requirements of 11 U.S.C. § 1517;

k.      Recognition of the LM BP Canadian Proceedings as foreign main proceedings is not contrary to the public policy of the United States; and

l.      The Foreign Representative and the Additional Debtor is automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation:

1.  All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Additional Debtor and the interests of its creditors; and

2.  All creditors and other parties in interest, including the Additional Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED as provided in this Order.

2.      The LM BP Canadian Proceedings are hereby recognized as foreign main proceedings in accordance with 11 U.S.C. § 1517 and given its full force and effect.

3.      All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362.

4.      The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

    i.    No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Additional Debtor, its assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Additional Debtor; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Additional Debtor or against any of its assets located in the United States or the proceeds thereof; and (d) exercise any control over the Additional Debtor's assets located in the United States except as authorized by the Additional Debtor in writing.

    ii.    The Foreign Representative is hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during this chapter 15 case.  No action taken during such period by the Foreign Representative, or its agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the LM BP Canadian Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in this chapter 15 case shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

5.      The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Additional Debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

6.     The right to transfer, encumber, or otherwise dispose of the Additional Debtor's assets absent the express written consent of the Additional Debtor is hereby suspended.

7.     The Foreign Representative is entrusted with the right to operate the Additional Debtor's business, exercise the rights and power of a trustee, and is entitled to administer and realize all or part of the Additional Debtor's assets within the territorial jurisdiction of the United States.

8.     The following orders entered in the Original Debtors' chapter ~~11~~15 cases are hereby made applicable to the Additional Debtor as if the Additional Debtor were a debtor as defined and referred to in the following orders entered by the Court in NextPoint Financial Inc. et al., Case No. 23-10983 (TMH):

   i.     *Order Granting Motion of Authorized Foreign Representative for Order (I) Directing Joint Administration of Chapter 15 Cases and (II) Granting Related Relief* [D.I. 38];

   ii.    *Final and Interim Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions, (B) Specifying Form and Manner of Service of Notice, and (C) Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* [D.I. 44];

   iii.   *Order (I) Recognizing and Enforcing (A) the CCAA SISP Order and (II) Granting Related Relief* [D.I. 52];

   iv.    *Final Order Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* [D.I. 56]; and

   v.     Multiple *pro hac vice* orders [D.I. 23, 24, 25, 26, and 33].

9.     Any relief granted to the Original Debtors *nunc pro tunc* to the Original Petition Date shall be applicable to the Additional Debtor *nunc pro tunc* to the LM BP Petition Date.

10.    Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

11. Notice of this Order shall be served in accordance with this Court's *Final and Interim Order (A) Scheduling Hearing on Recognition of Chapter 15 Petitions, (B) Specifying Form and Manner of Service of Notice, and (C) Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* [D.I. 44] on or before _____, 2023.  Service in accordance with this Order constitutes adequate and sufficient service and notice for all purposes.

11.    12. The Petition and Relief Documents, related filings and Entered Orders shall be made available by the Foreign Representative upon request in writing to its counsel, DLA Piper (US) LLP, 1201 N. Market Street, Suite 2100 Wilmington, Delaware 19801 (Attn: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com]), and 1251 Avenue of the Americas, New York, New York 10020 (Attn: Rachel Ehrlich Albanese, Esq [Rachel.Albanese@us.dlapiper.com] and Jamila Justine Willis, Esq. [jamila.willis@us.dlapiper.com]).

12.    13. Notwithstanding any provision in Bankruptcy Rules to the contrary including, but not limited to, Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Additional Debtor are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

13.    14. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the implementation of this Order.

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 10/31/2023 8:34:59 PM | |
|---|---|
| **Style name:** DLAPiper | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://cloudimanage.com/ACTIVE/1605088783/1 | |
| **Modified DMS:** iw://cloudimanage.com/ACTIVE/1605088783/3 | |
| **Changes:** | |
| Add | 8 |
| Delete | 19 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 27 |