**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| NEXTPOINT FINANCIAL INC., *et al.*, | Case No. 23-10983 (TMH) |
| Debtors in a foreign proceeding.[1] | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF JEFFREY BRADSHAW
IN SUPPORT OF THE FOREIGN REPRESENTATIVE'S
MOTION FOR ENTRY OF AN ORDER (I) RECOGNIZING
AND ENFORCING THE CCAA VESTING ORDER, (II) APPROVING THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' INTERESTS FREE AND CLEAR OF
LIENS, CLAIMS, AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

I, Jeffrey Bradshaw, hereby declare under penalty of perjury as follows to the best of my knowledge, information, and belief:

1.  I submit this declaration in support of the *Motion of the Foreign Representative for Entry of an Order (I) Recognizing and Enforcing the CCAA Vesting Order, (II) Approving the Sale of Substantially All of the Debtors' Interests Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (the "**Motion**") filed by NextPoint Financial Inc., in its capacity as the authorized foreign representative of the above-captioned debtors (the "**Debtors**") in the above-referenced chapter 15 cases (the "**US Proceedings**"). This declaration is submitted in

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: NextPoint Financial Inc. (6134); LT Holdco, LLC (8090); LT Intermediate Holdco, LLC (0811); SiempreTax+ LLC (6145); JTH Tax LLC (8391); Liberty Tax Holding Corporation (N/A); Liberty Tax Service, Inc. (N/A); JTH Financial, LLC (1522); JTH Properties 1632, LLC (0248); Liberty Credit Repair, LLC (5427); Wefile, LLC (6778); JTH Tax Office Properties, LLC (0248); LTS Software LLC (6450), JTH Court Plaza, LLC (2116); 360 Accounting Solutions LLC (8312); LTS Properties, LLC (9088); NPI Holdco LLC (1936); CTAX Acquisition LLC (6975); Community Tax Puerto Rico LLC (4349); Community Tax LLC (8001); NPLM Holdco LLC (8132); MMS Servicing LLC (7430); LoanMe, LLC (5663); LoanMe Funding, LLC (2305); LM Retention Holdings, LLC (N/A); LoanMe Trust-Prime 2018-1 (0257); LoanMe Trust SBL 2019-1 (N/A); LoanMe Stores, LLC (3810); InsightsLogic, LLC (0818); and LM 2020 CM I SPE, LLC (N/A). The location of the Debtors' headquarters is 500 Grapevine Hwy, Suite 402, Hurst, TX 76054, and the Debtors' mailing address is 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5.

response to certain arguments raised by SSBR Enterprises LLC ("**SSBR**"), including in their objection [D.I. 142] (the "**Objection**") to the Motion and in support of the *Foreign Representative's Reply to Area Developers' Objection to Motion of the Foreign Representative for Entry of an Order (I) Recognizing and Enforcing the CCAA Vesting Order, (II) Approving the Sale of Substantially all of the Debtors' Interests Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (the "**Reply**") [D.I. 131] and the Supplemental Reply [D.I. 144].[2]

2. I am an associate of the Canadian law firm of DLA Piper (Canada) LLP ("**DLA Piper**"), 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5, Canada. DLA Piper acts as Canadian counsel to NextPoint Financial Inc. and each of its subsidiaries, whose Canadian Proceedings are pending before the Canadian Court.

### Professional Background and Qualifications

3. My professional background and qualifications are set forth in the *Declaration of Jeffrey Bradshaw in Support of the Foreign Representative's Motion for Entry of an Order (I) Recognizing and Enforcing the CCAA Vesting Order, (II) Approving the Sale of Substantially All of the Debtors' Interests Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* [D.I. 137] (the "**First Declaration**") and incorporated by reference as if set forth in this declaration.

4. This declaration contains statements of legal opinion or statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements are based upon my experience as a practicing lawyer admitted and licensed to practice in the Province of British Columbia, Canada. All facts set forth in this declaration are based on: (a) my knowledge;

---

[2] Capitalized terms used but not defined in this declaration have the meaning set forth in the Motion or the Reply, as applicable.

(b) my review of relevant documents; and/or (c) my opinion based upon my experience and knowledge of the Debtors' operations. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

## Disclaimer Under the CCAA

1.      The *Companies' Creditors Arrangement Act*, RSC 1985, c.C-36 (the "**CCAA**") permits a debtor company to disclaim or resiliate any agreement to which the company is a party on the day on which proceedings commence under the CCAA.[3]

2.      For a disclaimer notice to be effective, the Monitor must approve the disclaimer and the company must give notice to the contract counterparty.

3.      A party who receives a disclaimer notice under the CCAA has 15 days to object to the proposed disclaimer by applying to the Canadian Court for an order that the agreement is not to be disclaimed.[4] If no such objection is made to the Canadian Court, the disclaimer becomes effective 30 days after the day on which the notice was given.

4.      If there is an objection to the proposed disclaimer, the court must consider, among other things: whether the monitor approved the proposed disclaimer; whether it would enhance the prospects of a viable compromise or arrangement; and whether the disclaimer or resiliation would likely cause significant financial hardship to a party to the agreement.[5]

5.      The disclaimer notice is in a prescribed form (a "**Form 4 Notice**")[6] which lists the details of the agreement that is to be disclaimed, the right of a party to the agreement to apply to

---

[3] CCAA, s. 32(1)
[4] CCAA, s. 32(5)(a)
[5] CCAA, s. 32(4)
[6] Form 4 – Notice by Debtor Company to Disclaim or Resiliate an Agreement, https://ised-isde.canada.ca/site/office-superintendent-bankruptcy/en/licensed-insolvency-trustees/ccaa/forms/form-4-notice-debtor-company-disclaim-or-resiliate-agreement

court for an order that the agreement is not to be disclaimed, and the date on which the disclaimer will become effective if no such application is made.

### Disclaimer of the SSBR Area Developer Agreement

6. On October 27, 2023, the Debtors, with the approval of the Monitor, issued and served on SSBR a Form 4 Notice of the Debtors' intention to disclaim the Area Developer Agreement dated August 15, 2018, by and among JTH Tax, Inc. and SSBR (the "**SSBR Area Developer Agreement**").

7. The deadline to object to the proposed disclaimer of the SSBR Area Developer Agreement was November 13, 2023.

8. SSBR did not object to disclaimer in the Canadian Court.

9. As a result, the disclaimer of the SSBR Area Developer Agreement became effective on November 26, 2023, and is no longer a contract of the Debtors.

### Third-Party Releases

10. On October 31, 2023, the Canadian Court granted the CCAA Vesting Order, which includes certain third-party releases. At the hearing for the CCAA Vesting Order, there were factual and legal submissions from the Petitioners and questions and a thorough discussion from the bench on the basis for, and scope of, the third-party releases. Following certain modifications to the proposed releases, the Court was satisfied that the releases were appropriate in the circumstances and granted the orders as set out in paragraphs 21 through 28 of the CCAA Vesting Order.

### Service and Notice

11. As described in my First Declaration, on July 25, 2023, the Debtors were granted creditor protection under the CCAA by means of an initial order (the "**Initial Order**"). The Initial

Order was served to all known creditors of the NextPoint Group, including SSBR, on July 26, 2023.

12. Paragraph 57 of the Initial Order expressly states that any person who wishes to be served with any application and other materials in the Canadian Proceedings must deliver a written notice to the Monitor with a request to be added to the Service List. As of the date of filing this declaration, SSBR has not requested to be added to the Service List.

13. Since at least July 27, 2023, when a form stalking horse offer (the "**Stalking Horse Purchase Agreement**") was filed in the US Proceedings and served on, among others, SSBR, all parties had notice that a buyer would be able to designate contracts as Excluded Contracts (as defined in the Stalking Horse Purchase Agreement) or arrange for disclaimer of such contracts until three days before closing of a transaction. This Excluded Contracts language has remained unchanged—in the draft Stalking Horse Purchase Agreement,[7] the draft Transaction Agreement,[8] and in the final Transaction Agreement.[9]

14. On August 3, 2023, pursuant to an application made by the Debtors in the Canadian Proceedings, the Canadian Court granted and entered the Amended and Restated Initial Order ("**ARIO**") and an order (the "**SISP Order**") approving a sales and investment solicitation process (the "**SISP**").

15. The SISP established a process for the solicitation, receipt, and evaluation of bids on a timeline that provided parties with sufficient time and information to submit competitive bids. The SISP also approved a Stalking Horse Purchase Agreement from the primary secured creditors (the "**Purchasers**") of the Debtors.

---

[7] Filed on July 27, 2023 at D.I. 27.

[8] Filed on October 16, 2023 at D.I. 80.

[9] Filed on November 1, 2023 at D.I. 91.

16. The Stalking Horse Purchase Agreement established a floor price and baseline commercial terms for the evaluation of bids in the SISP, including a right to designate contracts as Excluded Contracts until three days before closing of a transaction (the "**Excluded Contracts Clause**"). The SISP Order and the Stalking Horse Purchase Agreement were served to SSBR, among others, in the US Proceedings on August 7 and July 28, respectively. [See D.I. 27, 47, 52, 117, 118, and 120].

17. On October 16, 2023, the Debtors filed a proposed form of a modified Stalking Horse Purchase Agreement in the US Proceedings incorporating the proposed reverse vesting order structure. [D.I. 80]. This was served on SSBR on October 16, 2023. [D.I. 123]. The revised proposed form of the modified Stalking Horse Purchase Agreement included the same Excluded Contract Clause that was included in the original Stalking Horse Purchase Agreement in July.

18. On October 24, 2023, the Debtors filed, and served on the Service List, a notice of application with the Canadian Court (the "**Canadian Approval Application**") in the Canadian Proceedings by which the Debtors sought entry of a proposed Vesting Order approving the transaction contemplated by the modified Stalking Horse Purchase Agreement (the "**Transaction Agreement**"), among other things.

19. On October 31, 2023, the Canadian Court granted an order approving the Transaction Agreement (the "**CCAA Vesting Order**"). At the hearing for the CCAA Vesting Order, there were factual and legal submissions from the Petitioners and questions and discussion from the bench on the service and notice undertaken before that hearing. The Canadian Court was satisfied that sufficient efforts had been made and that it was appropriate to proceed without further service or notice. Ultimately, in the CCAA Vesting Order at paragraph 1, the Canadian Court

ordered that "this application is properly returnable today and the need for further service of the Application and supporting materials is hereby dispensed with."

20. The Foreign Representative filed copies of the CCAA Vesting Order and the final Transaction Agreement on the docket of the US Proceedings the following day [D.I. 91].[10] The final Transaction Agreement listed a number of Excluded Contracts, including SSBR's Area Developer Agreement. However, the language of the Excluded Contracts Clause remains the same and gives the purchaser until three days prior to closing of the Transaction to designate Excluded Contracts. In other words, the purchaser could designate Excluded Contracts even after recognition of the CCAA Vesting Order, without impacting whether recognition should be granted.

21. During the Canadian Proceedings, the Debtors have complied with all notice and service requirements under the CCAA, including notice of the Initial Order, the SISP and the Transaction.

## Conclusion

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on this 5th day of December, 2023
Vancouver, British Columbia

                                        */s/ Jeffrey Bradshaw*
                                        Jeffrey Bradshaw
                                        DLA Piper (Canada) LLP
                                        1133 Melville St., Suite 2700,
                                        Vancouver, BC V6E 4E5
                                        Canada

---

[10] Notice of such filing was provided to Notice Parties, including SSBR, on November 1, 2023, via first class mail. [D.I. 112].