IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEXTPOINT FINANCIAL INC., *et al.*,<br><br>Debtors in a foreign proceeding.[1] | Chapter 15<br><br>Case No. 23-10983 (TMH)<br><br>(Jointly Administered)<br><br>**Re: D.I. No. 80** |

ORDER (I) RECOGNIZING AND ENFORCING THE CCAA
VESTING ORDER, (II) APPROVING THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTORS' INTERESTS FREE AND CLEAR OF LIENS, CLAIMS,
AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "**Motion**")[2] filed by the Foreign Representative, pursuant to sections 105(a), 363, 365, 1501, 1507, 1520, 1521, 1525 and 1527 of the Bankruptcy Code, for entry of an order (this "**Order**"): (a) recognizing and enforcing the CCAA Vesting Order attached hereto as **Exhibit 1**; (b) approving, under sections 1520 and 363 of the Bankruptcy Code, the sale of the Debtors' rights, title, and interests in and to the Purchased Interests to the Purchasers pursuant to the Transaction Agreement, free and clear of all liens, claims, encumbrances, and other

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: NextPoint Financial Inc. (6134); LT Holdco, LLC (8090); LT Intermediate Holdco, LLC (0811); SiempreTax+ LLC (6145); JTH Tax LLC (8391); Liberty Tax Holding Corporation (N/A); Liberty Tax Service, Inc. (N/A); JTH Financial, LLC (1522); JTH Properties 1632, LLC (0248); Liberty Credit Repair, LLC (5427); Wefile, LLC (6778); JTH Tax Office Properties, LLC (0248); LTS Software LLC (6450), JTH Court Plaza, LLC (2116); 360 Accounting Solutions LLC (8312); LTS Properties, LLC (9088); NPI Holdco LLC (1936); CTAX Acquisition LLC (6975); Community Tax Puerto Rico LLC (4349); Community Tax LLC (8001); NPLM Holdco LLC (8132); MMS Servicing LLC (7430); LoanMe, LLC (5663); LoanMe Funding, LLC (2305); LM Retention Holdings, LLC (N/A); LoanMe Trust-Prime 2018-1 (0257); LoanMe Trust SBL 2019-1 (N/A); LoanMe Stores, LLC (3810); InsightsLogic, LLC (0818); and LM 2020 CM I SPE, LLC (N/A).  The location of the Debtors' headquarters is 500 Grapevine Hwy, Suite 402, Hurst, TX 76054, and the Debtors' mailing address is 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5.

[2] Capitalized terms used and not defined herein shall have the meaning ascribed to such terms in the Motion or in the *Foreign Representative's Reply to SSBR Enterprises LLC's Objection to Motion of the Foreign Representative for Entry of an Order (I) Recognizing and Enforcing the CCAA Vesting Order, (II) Approving the Sale of Substantially All of the Debtors' Interests Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* [D.I. 144].

interests (other than the Permitted Encumbrances); and (c) granting such other relief as the Court deems just and proper, all as more fully set forth in the Motion; and upon consideration of the Kravitz Declaration, Brousson Declaration, Bradshaw Declaration, Supplemental Bradshaw Declaration, and Ashcraft Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 109 and 1501; and venue being proper before this Court pursuant to § 1410(1) and (3); and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and finding that this Court may enter a final order consistent with article III of the United States Constitution; and adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; and it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and this Court having held a hearing (the "**Hearing**") to consider the relief requested in the Motion; and there being no objections or other responses filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY FOUND AND DETERMINED THAT**:

(a)    This Court previously entered an order [D.I. 54] (the "**Recognition Order**"), incorporated herein by reference, finding that the Debtors had satisfied the requirements of, among others, sections 101(23) and (24), 1502(4), 1504, 1515, 1517, 1520, and 1522 of the Bankruptcy Code.  Such Recognition Order shall continue in effect in all respects except to the extent this Order directly modifies or directly contradicts such Recognition Order.

(b)    On August 3, 2023, the Canadian Court granted an order (the "**CCAA SISP Approval Order**") that, among other things: (i) authorized the Debtors to implement a sale and investment solicitation process (the "**SISP**") in accordance with the terms thereof; (ii) authorized

and directed the Debtors to enter into the Stalking Horse Purchase Agreement; and (iii) provided other relief as set forth therein.

(c)     On August 15, 2023, this Court entered an order [D.I. 52] (the "**SISP Recognition Order**" and, together with the CCAA SISP Approval Order, the "**SISP Orders**") recognizing and enforcing the CCAA SISP Approval Order.

(d)     On October 31, 2023, the Canadian Court entered the CCAA Vesting Order, approving, among other things, the sale of the Debtors' rights, title, and interests in and to the Purchased Interests to the Purchasers pursuant to the Transaction Agreement.

(e)     Based on the affidavits of service filed with, and the representations made to, this Court: (i) notice of the Motion, the Hearing, and the CCAA Vesting Order was proper, timely, adequate, and sufficient under the circumstances of these Chapter 15 Cases and these proceedings and complied with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for U.S. Bankruptcy Court for the District of Delaware; and (ii) no other or further notice of the Motion, the Hearing, the CCAA Vesting Order, or the entry of this Order is necessary or shall be required.

(f)     This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

(g)     The relief granted herein is necessary and appropriate, is in the public interest, promotes international comity, is consistent with the public policies of the United States, is warranted under sections 105(a), 363(b), (f), (m) and (n), 365, 1501, 1507, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

(h) Based on information contained in the Motion, the Kravitz Declaration, and the record made at the Hearing, the Debtors' advisors conducted the SISP to solicit interest in the Purchased Interests in accordance with the terms of the SISP Orders, and such process was non-collusive, duly noticed, and provided a reasonable opportunity to prospective bidders make an offer to purchase the Purchased Interests. The Foreign Representative and the Monitor have recommended the sale of the Purchased Interests pursuant to the Transaction Agreement, and it is appropriate that the Purchased Interests be sold to the Purchasers on the terms and subject to the conditions set forth in the Transaction Agreement.

(i) Based on information contained in the Motion, the Kravitz Declaration and the record made at the Hearing, the relief granted herein relates to assets and interests that, under the laws of the United States, should be administered in the Canadian Proceedings.

(j) The Debtors' entry into and performance under the Transaction Agreement and related agreements: (i) constitute a sound and reasonable exercise of the Debtors' business judgment; (ii) provide value and are beneficial to the Debtors, and are in the best interests of the Debtors, their estates, and their stakeholders; and (iii) are reasonable and appropriate under the circumstances. The consideration provided by the Purchasers for the Purchased Interests under the Transaction Agreement constitutes fair consideration and reasonably equivalent value for the Purchased Interests under the Bankruptcy Code and other laws of the United States, any state, territory, possession thereof, or the District of Columbia.

(k) The Purchasers are not, and shall not be deemed to be, a mere continuation, and are not holding themselves out as a mere continuation, of any of the Debtors and there is no continuity between the Purchasers and the Debtors. The Transaction does not amount to a consolidation, merger, or *de facto* merger of the Purchasers and any of the Debtors.

(l) Time is of the essence in consummating the Transaction. To maximize the value of the Purchased Interests, it is essential that the Transaction occur and be recognized and enforced in the United States promptly. The Foreign Representative, on behalf of the Debtors, has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Transaction as contemplated by the Transaction Agreement. Accordingly, there is cause to waive the stay that would otherwise be applicable under Bankruptcy Rules 6004(a) and 6004(h), and accordingly, the transactions contemplated by the Transaction Agreement and related agreements can be closed as soon as reasonably practicable upon entry of this Order.

(m) Based upon information contained in the Motion, the Kravitz Declaration, the other pleadings filed in these Chapter 15 Cases, and the record made at the Hearing, if applicable, the Transaction Agreement and each of the transactions contemplated therein were negotiated, proposed, and entered into by the Debtors and the Purchasers in good faith, without collusion, and from arm's-length bargaining positions. The Purchasers are "good faith purchasers" within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to all the protections afforded thereby. Neither the Debtors, the Foreign Representative, nor the Purchasers have engaged in any conduct that would cause or permit the Transaction Agreement or the consummation of the Transaction to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. The Purchasers are not "insiders" of any of the Debtors, as that term is defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stockholders exists between the Purchasers and the Debtors.

(n) The Transaction Agreement was not entered into for the purpose of hindering, delaying, or defrauding any present or future creditors of the Debtors.

(o) The Foreign Representative, on behalf of itself and the Debtors, may sell the Purchased Interests free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), rights, liabilities, encumbrances and other interests of any kind or nature whatsoever against the Debtors or the Purchased Interests, whether arising prior to or subsequent to the commencement of the Canadian Proceeding and these Chapter 15 Cases, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured, legal, equitable, possessory or otherwise, actual or threatened civil, criminal, administrative, regulatory, arbitral or investigative inquiry, action, complaint, suit, investigation, dispute, petition or proceeding by or before any governmental authority or Person at law or in equity, whether imposed by agreement, understanding, law, equity or otherwise, and any claim or demand resulting therefrom, other than the Permitted Encumbrances, because with respect to each creditor asserting any liens, claims, encumbrances, and other interests, one or more of the standards set forth in section 363(f)(l)–(5) of the Bankruptcy Code has been satisfied. Each creditor that did not object to the Motion is deemed to have consented to the sale of the Purchased Interests free and clear of all liens, claims, encumbrances, and other interests (other than the Permitted Encumbrances) pursuant to section 363(f)(2) of the Bankruptcy Code.

(p) The total consideration to be provided under the Transaction Agreement reflects the Purchasers' reliance on this Order to provide it, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the Purchased Interests free and clear of all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances.

(q) The sale of the Purchased Interests to the Purchasers will be a legal, valid, and effective sale of the Purchased Interests, and will vest the Purchasers with all rights, title, and

interests of the Debtors in and to the Purchased Interests, free and clear of all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances.

(r)     The Foreign Representative, the Debtors, and the Monitor, as appropriate: (i) have full power and authority to execute the Transaction Agreement and all other documents contemplated thereby; (ii) have all the power and authority necessary to consummate the transactions contemplated by the Transaction Agreement; and (iii) upon entry of this Order, other than any consents identified in the Transaction Agreement (including with respect to antitrust matters, if any), need no consent or approval from any other person or governmental unit to consummate the Transaction.  The Debtors are the sole and rightful owners of the Purchased Interests, no other person has any ownership rights, title, or interests therein, and the Transaction has been duly and validly authorized by all necessary corporate action of the Debtors.

(s)     The Transaction Agreement is a valid and binding contract between the Debtors and the Purchasers and shall be enforceable pursuant to its terms.  The Transaction Agreement, the Transaction, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and the Foreign Representative in these Chapter 15 Cases and any trustee that may be appointed in any chapter 7 or chapter 11 successor cases, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.

(t)     The Purchasers would not have entered into the Transaction Agreement and would not consummate the purchase of the Purchased Interests and the related transactions, thus adversely affecting the Debtors, their estates, and their creditors, and other parties in interest, if the sale of the Purchased Interests to the Purchasers was not free and clear of all liens, claims, encumbrances, and other interests (other than the Permitted Encumbrances), or if the Purchasers

would, or in the future could, be liable on account of any such lien, claim, encumbrance, or any other interest, including, as applicable, certain liabilities related to the Purchased Interests that will not be assumed by the Purchasers, as described in the Transaction Agreement.

(u) A sale of the Purchased Interests other than free and clear of all liens, claims, encumbrances, and other interests (other than the Permitted Encumbrances) would yield substantially less value than the sale of the Purchased Interests pursuant to the Transaction Agreement; thus, the sale of the Purchased Interests free and clear of all liens, claims, encumbrances, and other interests (other than the Permitted Encumbrances), in addition to all of the relief provided herein, is in the best interests of the Debtors, their creditors, and other parties in interest.

(v) The interests of the Debtors' creditors in the United States are sufficiently protected. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policies of the United States, and warranted pursuant to sections 1521(b) and 1522 of the Bankruptcy Code.

(w) The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein.

(x) Any and all findings of fact and conclusions of law announced by this Court at the Hearing are incorporated herein.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety, and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

2.      The CCAA Vesting Order and all of its respective terms, including any immaterial or administrative amendments thereto, including those necessary to give effect to the substance of such order, either pursuant to the terms therein or as approved by the Canadian Court, are fully recognized and given full force and effect in the territorial jurisdiction of United States.

3.      The Transaction Agreement and the Transaction, including, for the avoidance of doubt, the sale of the Purchased Interests and the transfers of the Purchased Interests and any assets located within the United States on the terms set forth in the Transaction Agreement, the CCAA Vesting Order, including all transactions contemplated thereunder, this Order, including all transactions contemplated hereunder, and all of the terms and conditions of each of the foregoing are hereby approved and authorized pursuant to sections 105, 363, 365, 1501, 1520, 1521, 1525 and 1527 of the Bankruptcy Code.  The failure specifically to include any particular provision of the Transaction Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Transaction Agreement and the Transaction be authorized and approved in its entirety.

4.      Pursuant to sections 105, 363, 365, 1501, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, the CCAA Vesting Order, and this Order, the Debtors, the Purchaser, and the Foreign Representative (as well as their respective officers, employees, and agents) are authorized to take any and all actions necessary or appropriate to:  (a) consummate the Transaction, including the sale of the Purchased Interests to the Purchasers, in accordance with the Transaction Agreement, the CCAA Vesting Order, and this Order; and (b) perform, consummate, implement, and close fully the Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Transaction Agreement and the Transaction and to take such additional steps and all further actions as may be necessary or appropriate to the

performance of the obligations contemplated by the Transaction Agreement, all without further order of the Court, and are hereby authorized and empowered to cause to be executed and filed such statements, instruments, releases, and other documents on behalf of such person with respect to the Purchased Interests that are necessary or appropriate to effectuate the Transaction, any related agreements, the CCAA Vesting Order, and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors or the Purchasers may determine are necessary or appropriate, and are hereby authorized and empowered to cause to be filed, registered, or otherwise recorded a certified copy of the CCAA Vesting Order, this Order or the Transaction Agreement, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all liens, claims, encumbrances, and other interests against the Purchased Interests. The CCAA Vesting Order and this Order are deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, or local government agency, department, or office.

5. All Persons (as defined in section 101(41) of the Bankruptcy Code) that are currently in possession of some or all of the Purchased Interests located in the United States or that are otherwise subject to the jurisdiction of this Court are hereby directed to surrender possession of such Purchased Interests to the Purchasers on the Closing Date.

6. Notwithstanding anything to the contrary in this Order, the Purchased Interests remain subject to, and the Purchasers shall be bound by, that certain *Judgment and Permanent Injunction* dated as of June 15, 2009 and as may be modified or amended, entered by the Superior Court of the State of California, County of San Francisco in *The People of the State of California*

*v. JTH Tax Inc., (d/b/a Liberty Tax Service)*, Case No. CGC-07-460778, with respect to JTH Tax Inc. d/b/a Liberty Tax Service.

7. Notwithstanding anything to the contrary in this Order, the CCAA Vesting Order, or any other document, this Court shall retain exclusive jurisdiction to hear and determine all disputes which are in any forum or court within the territorial United States involving the existence, nature, scope, or enforcement of any releases granted in the CCAA Vesting Order or recognized by this Order.

**Releases**

8. The release, exculpation, and injunction provisions set forth in paragraphs 21-25 of the CCAA Vesting Order are expressly recognized by this Court and given full force and effect in the United States.

9. Any legal, factual, equitable, or other defenses (including, but not limited to, waiver, release, estoppel, or res judicata) held by any current or former officer or director of the Debtors in connection with any claim held by, asserted, or asserted in the future by any Person relating in any manner to such current or former officer or director's role, position, conduct, acts, or omissions as an officer or director of any Debtor are hereby preserved and shall not be limited, waived, released, modified, or affected whatsoever by the entry of this Order. Without limiting the foregoing, the rights of any current or former officer or director of any of the Debtors to (a) raise or assert that the releases, exculpation, and/or injunctive provisions contained in the CCAA Vesting Order entered in the Canadian Proceedings are applicable to them and are fully enforceable as a defense in any action brought in any court, tribunal, or forum within the United States, and (b) seek recognition of the releases, exculpation, and injunctions contained in the CCAA Vesting Order under the comity doctrine or any other similar cross-border cooperation doctrine or treaty are fully preserved and retained in full.

10. Notwithstanding anything to the contrary in this Order, the CCAA Vesting Order, or any other document, this Court shall retain exclusive jurisdiction to hear and determine all disputes which are in any forum or court within the territorial United States involving the existence, nature, scope, or enforcement of any exculpations, discharges, injunctions, and releases granted in the CCAA Vesting Order or recognized by this Order.

**Transfer of the Purchased Interests Free and Clear**

11. Pursuant to sections 105(a), 363, 365, 1501, 1520, 1521, 1525, and 1527 of the Bankruptcy Code, on the Closing Date, all rights, title, and interests of the Debtors in the Purchased Interests shall be transferred and absolutely vest in the Purchasers, without further instrument of transfer or assignment, and such transfer shall:  (a) be a legal, valid, binding, and effective transfer of the Purchased Interests to the Purchasers; (b) vest the Purchasers with all rights, title, and interests of the Debtors in the Purchased Interests, and (c) be free and clear of all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances.

12. Pursuant to sections 105(a), 363(f), 365, 1501, 1520, 1521, 1525 and 1527 of the Bankruptcy Code, upon the closing of the Transaction and except with respect to solely Permitted Encumbrances:  (a) no holder of a lien, claim, encumbrance, or other interest shall interfere, and each and every holder of a lien, claim, encumbrance, or other interest is enjoined from interfering, with the Purchaser's rights and title to or use and enjoyment of the Purchased Interests; and (b) the sale of the Purchased Interests, the Transaction Agreement, and any instruments contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any successor thereof.  All Persons holding a lien, claim, encumbrance, or other interest (other than the Permitted Encumbrances) are forever barred and enjoined from asserting such lien, claim, encumbrance, or other interest (other than the Permitted Encumbrances) against the Purchased Interests, the Purchasers or its affiliates and their respective officers, directors,

employees, managers, partners, members, financial advisors, attorneys, agents, and representatives, and their respective affiliates, successors, and assigns from and after closing of the Transaction.

13. Each and every federal, state, and local governmental agency or department is authorized and directed to accept (and not impose any fee, charge, or tax in connection therewith) any and all documents and instruments necessary or appropriate to consummate the sale of the Purchased Interests to the Purchasers and the Transaction generally. Effective as of the Closing Date, the CCAA Vesting Order and this Order shall constitute for any and all purposes a full and complete conveyance and transfer of the Debtors' interests in the Purchased Interests to the Purchasers free and clear of all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances.

14. This Order (a) shall be effective as a determination that, as of the Closing Date, all liens, claims, encumbrances, and other interests, other than the Permitted Encumbrances, have been unconditionally released, discharged, and terminated as to the Purchasers and the Purchased Interests, and that the conveyances and transfers described herein have been effected, and (b) is and shall be binding upon and govern the acts of all persons, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease. Each of the foregoing persons is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the

Transaction Agreement and effect the discharge of all liens, claims, encumbrances, and other interests other than the Permitted Encumbrances pursuant to this Order and the CCAA Vesting Order and not impose any fee, charge, or tax in connection therewith.

15. The Purchasers are not and shall not be deemed to: (a) be a legal successor, or otherwise be deemed a successor, to any of the Debtors; (b) have, *de facto* or otherwise, merged with or into any or all Debtors; or (c) be a mere continuation or substantial continuation of any or all Debtors or the enterprise or operations of any or all Debtors.

16. The Transaction, including the purchase of the Purchased Interests, is undertaken by the Purchasers in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorizations provided herein shall neither affect the validity of the Transaction nor the transfer of the Purchased Interests to the Purchasers free and clear of all liens, claims, encumbrances, and other interests, unless such authorization is duly stayed before the closing of the Transaction pending such appeal.

17. Neither the Debtors nor the Purchasers have engaged in any conduct that would cause or permit the Transaction Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

19. The terms and provisions of the Transaction Agreement, the CCAA Vesting Order, and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Purchasers, the Foreign Representative, the Debtors' creditors, and all other parties in interest, and any successors of the Debtors, the Purchasers, the Foreign Representative, and the Debtors'

creditors, including any foreign representative(s) of the Debtors, trustee(s), examiner(s), or receiver(s) appointed in any proceeding, including, without limitation, any proceeding under any chapter of the Bankruptcy Code, the CCAA, or any other law, and all such terms and provisions shall likewise be binding on such foreign representative(s), trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, their creditors, or any trustee(s), examiner(s), or receiver(s).

20. Subject to the terms and conditions of the CCAA Vesting Order, the Transaction Agreement, and any related agreements, documents, or other instruments, may be modified, amended, or supplemented by the parties thereto, in a writing signed by each party, and in accordance with the terms thereof, without further order of this Court; *provided* that any such modification, amendment, or supplement does not materially change the terms of the Transaction, the Transaction Agreement, or any related agreements, documents, or other instruments and is otherwise in accordance with the terms of the CCAA Vesting Order.

21. The provisions of this Order and the Transaction Agreement are non-severable and mutually dependent. To the extent that there are any inconsistencies between the terms of this Order and the CCAA Vesting Order, on the one hand, and the Transaction Agreement, on the other, this Order and the CCAA Vesting Order shall govern.

22. Nothing in this Order shall be deemed to waive, release, extinguish, or estop the Debtors or the Foreign Representative from asserting, or otherwise impair or diminish, any right (including, without limitation, any right of recoupment), claim, cause of action, defense, offset, or counterclaim in respect of any asset or interest that is not a Purchased Interest.

23. Upon the addition of any residual company as an applicant in the Canadian Proceeding pursuant to the CCAA Vesting Order and as Debtors in these Chapter 15 Cases, (a) any

and all relief granted by and findings of this Court with respect to the Debtors since the Petition Date shall apply to such residual company to the same extent as such relief and findings apply to the Debtors and (b) any reference in any order of this Court to a "Debtor" shall be deemed to include a reference such residual company, *mutatis mutandis*.

24. All Persons subject to the jurisdiction of the United States are permanently enjoined and restrained from taking any actions inconsistent with, or interfering with, the enforcement and implementation of the CCAA Vesting Order or any documents incorporated by the foregoing.

25. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the CCAA Vesting Order, and the Transaction Agreement.

26. Notwithstanding any provisions in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

27. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: December 11th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**