## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| NEXTPOINT FINANCIAL INC., *et al.*, | Case No. 23-10983 (TMH) |
| Debtors in a foreign proceeding. [1] | (Jointly Administered) |

## AFFIDAVIT OF SERVICE

I, Sharon Lee, depose and say that I am employed by Stretto, the proposed claims and noticing agent for the Debtors in the above-captioned cases.

At my direction and under my supervision, employees of Stretto caused the following documents to be served on November 22, 2023 via first-class mail on the service list attached hereto as **Exhibit A**, and on November 24, 2023 via electronic mail on the service list attached hereto as **Exhibit B**:

- **Claims Amount Notice** (substantially in the form as **Exhibit C**)

- **Proof of Claim Form** (attached hereto as **Exhibit D**)

- **Claims Process Instruction Letter** (attached hereto as **Exhibit E**)

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: NextPoint Financial Inc. (6134); LT Holdco, LLC (8090); LT Intermediate Holdco, LLC (0811); SiempreTax+ LLC (6145); JTH Tax LLC (8391); Liberty Tax Holding Corporation (N/A); Liberty Tax Service, Inc. (N/A); JTH Financial, LLC (1522); JTH Properties 1632, LLC (0248); Liberty Credit Repair, LLC (5427); Wefile, LLC (6778); JTH Tax Office Properties, LLC (0248); LTS Software LLC (6450); JTH Court Plaza, LLC (2116); 360 Accounting Solutions LLC (8312); LTS Properties, LLC (9088); NPI Holdco LLC (1936); CTAX Acquisition LLC (6975); Community Tax Puerto Rico LLC (4349); Community Tax LLC (8001); NPLM Holdco LLC (8132); MMS Servicing LLC (7430); LoanMe, LLC (5663); LoanMe Funding, LLC (2305); LM Retention Holdings, LLC (N/A); LoanMe Trust-Prime 2018-1 (0257); LoanMe Trust SBL 2019-1 (N/A); LoanMe Stores, LLC (3810); InsightsLogic, LLC (0818); and LM 2020 CM I SPE, LLC (N/A). The location of the Debtors' headquarters is 500 Grapevine Hwy, Suite 402, Hurst, TX 76054, and the Debtors' mailing address is 1133 Melville St., Suite 2700, Vancouver, BC V6E 4E5.

- **Order Made After Application – Claims Process Order** (attached hereto as **Exhibit F**)

In addition to the methods of service set forth herein, parties who have requested electronic notification of filings via the Bankruptcy Court's CM/ECF system were sent the above referenced documents via electronic service.

Dated: December 13, 2023

_____
Sharon Lee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 13th day of December, 2023 by Sharon Lee proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

SERINA TRAN
Notary Public - California
Orange County
Commission # 2368456
My Comm. Expires Jul 30, 2025

# Exhibit A

 STRETTO

**Exhibit A**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| ACI PAYMENTS INC. | | PO BOX 418410 | | BOSTON | MA | 02241 | |
| AD.NET, INC. | | 1100 GLENDON AVE | SUITE 1200 | LOS ANGELES | CA | 90024 | |
| AECERO INC. | | 2463 W LA PALMA AVE | STE 200 | ANAHEIM | CA | 92801 | |
| ALTAIR ENGINEERING INC. | | 1820 EAST BIG BEAVER ROAD | | TROY | MI | 48083 | |
| AMERICAN EXPRESS | | PO BOX 0001 | | LOS ANGELES | CA | 90096-8000 | |
| AMERIFIRST HOME IMPROVEMENT FINANCE | | 11171 MILL VALLEY ROAD | | OMAHA | NE | 68154 | |
| ANN WHITTINGTON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| ARMANDO BELTRAN | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| BAKER TILLY US, LLP | | PO BOX 511563 | | LOS ANGELES | CA | 90051-8118 | |
| BARBARA NEWRAY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC | | BENOIT LAW | PO BOX 366 | TWIN FALLS | ID | 83303 | |
| BETTER BUSINESS BUREAU | | PO BOX 53525 | | PHOENIX | AZ | 85072-3525 | |
| BISHOP & MCKENZIE LLP | | 10180-101 STREET | | EDMONTON | AB | T5J 1V3 | CANADA |
| BLUSKY RESTORATION CONTRACTORS, LLC | | 9110 EAST NICHOLS AVENUE | SUITE 180 | CENTENNIAL | CO | 80112 | |
| BP COMMERCIAL FUNDING TRUST, SERIES SPL-X | C/O BASEPOINT CAPITAL II, LLC, ITS ADMINISTRATOR | ATTENTION: JAY L. GRACIN | 75 ROCKEFELLER PLAZA | NEW YORK | NY | 10019 | |
| BRADLEY ARANT BOULT CUMMINGS LLP | | PO BOX 830709 | | BIRMINGHAM | AL | 35283-0709 | |
| BRANDEN GUTIERREZ | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| BRANDON ALI | C/O LAW OFFICES OF TODD M. FRIEDMAN, P.C. | ATTN: TODD FRIEDMAN, THOMAS WHEELER | 21550 OXNARD ST, SUITE 780 | WOODLAND HILLS | CA | 91367 | |
| BRENT BRAY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| BRENT TURNER | C/O TILLOTSON JOHNSON & PATTON | ATTN: JEFFREY TILLOTSON & BENJAMIN NABORS | 1201 MAIN STREET, SUITE 1300 | DALLAS | TX | 75202 | |
| CAMERON GLASSCOCK | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| CARMEN ATKINS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| CARMEN WILSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| CAROLINE HILLIARD | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| CHILMARK ADMINISTRATIVE LLC | | 77 BEDFORD ROAD | | KATONAH | NY | 10536 | |
| CHRISTOPHER DAFFRON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| CHRISTOPHER NICHOLAS ROKAS | C/O MARTIN & BONTRAGER | 4605 LANKERSHIM BOULEVARD,  SUITE 535 | | TOLUCA LAKE | CA | 91602 | |
| CLOUDMYBIZ INC | | DPT#: 2004 | 777 SOUTH FIGUEROA STREET, STE 4600 | LOS ANGELES | CA | 90017-2513 | |
| COREY SAFFOLD | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| COUNSELORLIBRARY.COM LLC | | 7037 RIDGE ROAD | SUITE 300 | HANOVER | MD | 21076 | |
| COUNTY OF ORANGE | ATTN: TREASURER-TAX COLLECTOR | P.O. BOX 1438 | | SANTA ANA | CA | 92702-1438 | |
| CREDIT SESAME INC. | | 444 CASTRO STREET | SUITE 500 | MOUNTAIN VIEW | CA | 94041 | |
| DAN APKE DBA DAN APKE CONSULTING | | 1198 PACIFIC COAST HWY | STE D310 | SEAL BEACH | CA | 90740 | |
| DEBRA ROBERTSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| DIANA SANDOVAL | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |

In re: NextPoint Financial Inc., et al.
Case No. 23-10983 (TMH)

Page 1 of 4



**Exhibit A**

Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| DOMENICO DCARPIO | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| DS SERVICES OF AMERICA | | PO BOX 660579 | DBA SPARKLETTS | DALLAS | TX | 75266-0579 | |
| EDUARDO VENEGAS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| EMILY BEHRENDT | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| EPIQ EDISCOVERY SOLUTIONS, INC. | DBA EPIQ EDISCOVERY SOLUTIONS | PO BOX 12025 DEPT 0250 | | DALLAS | TX | 75312-0250 | |
| EQUIFAX WORKFORCE SOLUTIONS | | 4076 PAYSPHERE CIRCLE | | CHICAGO | IL | 60674 | |
| EUGENE LEDUC | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| EXPERIAN | | PO BOX 881971 | | LOS ANGELES | CA | 90088-1971 | |
| FENWICK & WEST LLP | | P.O. BOX 742814 | | LOS ANGELES | CA | 90074-2814 | |
| FINLAYSON TOFFER ROOSEVELT & LILLY LLP | | 15615 ALTON PKWY | STE 270 | IRVINE | CA | 92618-7307 | |
| FORMFREE HOLDINGS CORP | DBA THE ACCOUNTCHEK COMPANY, LLC | P.O.BOX 746595 | | ATLANTA | GA | 30374 | |
| FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP | | 75 REMITTANCE DRIVE | SUITE # 6072 | CHICAGO | IL | 60675-6072 | |
| FRONTIER CAPITAL GROUP, LTD. | ATTN: DAVID SCHAEFFER, TREASURER | 103 NW 3RD STREET | | DIMMITT | TX | 79027 | |
| FRONTIER CAPITAL GROUP, LTD. | ATTN: MAT BRADLEY, VP | P.O. BOX 99 | | DIMMITT | TX | 79027 | |
| GIACT SYSTEMS, LLC | | 700 CENTRAL EXPRESSWAY S, SUITE 300 | | ALLEN | TX | 75013 | |
| GLASSDOOR, INC | DEPARTMENT 3436 | PO BOX 123436 | | DALLAS | TX | 75312-3436 | |
| GV STADIUM GATEWAY, LLC | | 3440 FLAIR DRIVE | LOCKBOX SERVICES 348428 | LOS ANGELES | CA | 90084-8428 | |
| HIGH FIVE, INC. DBA PRINTECH | | 1452 S. MANHATTAN AVE. | | FULLERTON | CA | 92831 | |
| HOMESITE INSURANCE COMPANY | | PO BOX 912470 | DBA HOMESITE INSURANCE | DENVER | CO | 80291-2470 | |
| HOWARD NGUYEN | | ADDRESS REDACTED | | | | | |
| HUDSON COOK, LLP | | 7037 RIDGE ROAD SUITE 300 | | HANOVER | MD | 21076 | |
| INDEED INC. | | MAIL CODE 5160 | PO BOX 660367 | DALLAS | TX | 75266-0367 | |
| INTIMATE INTERACTIVE ADVERTISING | | 10-225 THE EAST MALL | SUITE 1110 | ETOBICOKE | ON | M9B 0A9 | CANADA |
| INTRADO DIGITAL MEDIA, LLC | | 11808 MIRACLE HILLS DRIVE | | OMAHA | NE | 68154 | |
| JAIME ALARCON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| JAMS INC. | | PO BOX 845402 | | LOS ANGELES | CA | 90084 | |
| JASON NEAL | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| JENIFER CARL | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| JILL FREEHLING | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| KDM BUSINESS CONSULTING | | 4 SKYGATE | | ALISO VIEO | CA | 92656 | |
| KERRY HUNTER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| KYLA HENDERSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| KYLIE ANDERSON | | ADDRESS REDACTED | | | | | |
| LAGUNA GRAPHIC ARTS, INC. | | 16782 REDHILL AVE | SUITE A | IRVINE | CA | 92606-4821 | |
| LATEAKA VINSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| LATORIA CARTER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| LEAP THEORY, LLC | | 11726 SAN VINCENTE BLVD. | SUITE 600 | LOS ANGELES | CA | 90049 | |
| LEXIS NEXIS RISK DATA MANATEMENT INC | | 28330 NETWORK PLACE | | CHICAGO | IL | 60673-1283 | |

 STRETTO

**Exhibit A**
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country |
|------|-----------|-----------|-----------|------|-------|-----|---------|
| LINKEDIN CORPORATION | | 62228 COLLECTIONS CENTER DR. | | CHICAGO | IL | 60693-0622 | |
| LOANCALL CALIFORNIA LLC | | 21600 OXNARD ST. | SUITE 400 | WOODLAND HILLS | CA | 91367 | |
| LOANRY, LLC | | 23 CORPORATE PLAZA | SUITE 100 | NEWPORT BEACH | CA | 92660 | |
| LZ AD SALES LLC | | 616 NE ROSSETTI LN | | BOCA RATON | FL | 33487 | |
| MANUEL GARCIA | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| MARQUES CONERLY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| MAURICIO ZETINO | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| MICHAEL M. KIMBREW | | ADDRESS REDACTED | | | | | |
| MICKELE E CAMPBELL | C/O SULAIMAN LAW GROUP | ATTN: NATHAN C. VOLHEIM | 2500 S. HIGHLAND AVE, SUITE 200 | LOMBARD | IL | 06018 | |
| MONEVO INC | | 169 SAXONY RD | STE 212 | ENCINITAS | CA | 92024-6781 | |
| NANCY LIBBY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| NORTH AMERICAN VIDEO CORPORATION DBA NAVCO | | 1335 S. ACACIA AVE | | FULLERTON | CA | 92831 | |
| OFFICE DEPOT | | PO BOX 29248 | | PHOENIX | AZ | 85038-9248 | |
| ONLINE DATA EXCHANGE LLC DBA E-OSCAR | | DEPT 224501 | PO BOX 55000 | DETROIT | MI | 48255-2245 | |
| PALADIN TECHNOLOGIES (USA) INC. | | 13000 GREGG ST | SUITE B | POWAY | CA | 92064 | |
| PAUL ROTTENBERG | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| PAYCHEX BENEFIT TECHNOLOGIES DBA BENETRAC | | LOCKBOX #732954 | PO BOX 732954 | DALLAS | TX | 75373-2954 | |
| PAYLIANCE | | 2 EASTON OVAL | SUITE 310 | COLUMBUS | OH | 43219 | |
| PRICEWATERHOUSECOOPERS LLP | | PO BOX 514038 | | LOS ANGELES | CA | 90051 | |
| QUINSTREET, INC. | | QSPL DEPT LA 24814 | | PASADENA | CA | 91185-4814 | |
| RACHEL BUATHIER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| RANDY CABRERA | C/O JAVITCH LAW OFFICE | 3 EAST THIRD AVE. | SUITE 200 | SAN MATEO | CA | 94401 | |
| RECARDO WILKERSON DBA NEXT LEVEL CAPITAL SOLUTIONS | | 3728 PEACHTREE DUNWOODY RD NE | | ATLANTA | GA | 30342 | |
| RELIANCE FIELD SERVICES | | 9971 BIRD ROAD | | MIAMI | FL | 33165 | |
| RICHARD PAUL SOTER, JR. | | ADDRESS REDACTED | | | | | |
| ROWENA ROSETE | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| SALENE WANZER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| SALLY PIZANO | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| SAMUEL BERMUDEZ | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| SANCO BUSINESS SOLUTIONS LLC | | 9431 HAVEN AVE | | RANCHO CUCAMONGA | CA | 91730 | |
| SERVICING SOLUTIONS | | 1900 S. STATE COLLEGE | SUITE 400 | ANAHEIM | CA | 92806 | |
| SESSIONS, ISRAEL & SHARTLE, LLC | | LAKEWAY TWO, SUITE 200 | 3850 NORTH CAUSEWAY BLVD | METAIRIE | LA | 70002-7227 | |
| SEVERSON & WERSON, A PROFESSIONAL CORPORATION | | 595 MARKET STREET | SUITE 2600 | SAN FRANCISCO | CA | 94105 | |
| SHAMMON WILLIAMS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| SHIRLEGHTA GIVAN, ON BEHALF OF HERSELF AND CLASS OF SIMILIARLY SITUATED BORROWERS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |

In re: NextPoint Financial Inc., et al.
Case No. 23-10983 (TMH)

Page 3 of 4



# Exhibit A
Served via First-Class Mail

| Name | Attention | Address 1 | Address 2 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|
| SIMPLY FINTECH, INC | | 430 LONGFELLOW AVE | | HERMOSA BEACH | CA | 90254 | |
| SISMAS GROUP, INC DBA POLYMORPHIC | | 2123 EAST GLENOAKS BLVD | | GLENDALE | CA | 91206 | |
| SISMAS GROUP, INC. DBA POLYMORPHIC | FOSTER, SULTANYAN & EUREDJIAN, LLP | DAVID R. EUREDJIAN | 5429 CAHUENGA BLVD | NORTH HOLLYWOOD | CA | 91601 | |
| SOURCE CREATIVE OFFICE INTERIORS | | 18600 MACARTHUR BLVD | SUITE 400 | IRVINE | CA | 92612 | |
| SOVOS COMPLIANCE, LLC | | PO BOX 347977 | | PITTSBURGH | PA | 15251-4977 | |
| SPEEDWELL HOLDINGS,LLC DBA ACQUIRE INTERACTIVE, LLC | | 325 E. WARM SPRINGS ROAD | STE 101 | LAS VEGAS | NV | 89119 | |
| SSBV LLC | DBA BUSINESSLOANS.COM | 1209 ORANGE ST | | WILMINGTON | DE | 19801 | |
| STANTON XPRESS URGENT CARE | | 12860 BEACH BLVD SUITE E | | STANTON | CA | 90680 | |
| STATE OF HAWAII-DEPARTMENT OF TAXATION | | P. O. BOX 1530 | | HONOLULU | HI | 96806-1530 | |
| STREAMSETS INC. | | 150 SPEAR STREET | SUITE 300 | SAN FRANCISCO | CA | 94105 | |
| SYMONE ALEXANDER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| TALX CORPORATION | | 4076 PAYSPHERE CIRCLE | | CHICAGO | IL | 60674-4076 | |
| TEKWORKS INC. | | 13000 GREGG STREET | | POWAY | CA | 92064 | |
| TEMECULA EQUITY GROUP, LLC DBA OVERFLOW WORKS.COM | | 25220 HANCOCK AVENUE | STE 220 | MUTTIETA | CA | 92562 | |
| TEONA LEWIS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| THE SPANISH GROUP LLC | | 1 PARK PLAZA | SUITE 600 | IRVINE | CA | 92614 | |
| TOMAS AGUILAR | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| TOTAL LOAN SERVICES, LLC | | 205 SUGAR CAMP CIRCLE | | DAYTON | OH | 45409-1970 | |
| TRAC - THE REGISTERED AGENT COMPANY | | 715 ST. PAUL ST. | | BALTIMORE | MD | 21202 | |
| TUAN VO (INDIVIDUALLY AND ON BEHALF OF OTHERS) | C/O DALE M. FIOLA, ATTORNEY AT LAW | 200 NORTH HARBOR BOULEVARD | SUITE 217 | ANAHEIM | CA | 92805 | |
| TUAN VO (INDIVIDUALLY AND ON BEHALF OF OTHERS) | C/O DALE M. FIOLA, ATTORNEY AT LAW | 201 NORTH HARBOR BOULEVARD | SUITE 217 | ANAHEIM | CA | 92806 | |
| TYESHA JACKSON WISE | | ADDRESS REDACTED | | | | | |
| U.S. SMALL BUSINESS ADMINISTRATION | | 409 3RD ST., SW | | WASHINGTON | DC | 20416 | |
| VONK ALERT | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | 6420 WILTSHIRE BLVD, SUITE 1080 | LOS ANGELES | CA | 90048 | |
| WORXTIME, LLC | | 4076 PAYSHPERE CIRCLE | | CHICAGO | IL | 60674 | |
| ZERO PARALLEL, LLC | | 505 N. BRAND BLVD | STE 1450 | GLENDALE | CA | 91203 | |

In re: NextPoint Financial Inc., et al.
Case No. 23-10983 (TMH)

Page 4 of 4

# **Exhibit B**



**Exhibit B**

Served via Electronic Mail

| Name | Attention 1 | Attention 2 | Email |
|---|---|---|---|
| ANN WHITTINGTON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| ARMANDO BELTRAN | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| BARBARA NEWRAY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| BISHOP & MCKENZIE LLP | | | NTRIPP@BMLLP.CA |
| BP COMMERCIAL FUNDING TRUST, SERIES SPL-X | C/O BASEPOINT CAPITAL II, LLC, ITS ADMINISTRATOR | ATTENTION: JAY L. GRACIN | JGRACIN@BASEPOINTCAPITAL.COM<br>MWASSERMAN@OSLER.COM<br>DROSENBLAT@OSLER.COM |
| BRADLEY ARANT BOULT CUMMINGS LLP | | | CFRIEDMAN@BRADLEY.COM |
| BRANDEN GUTIERREZ | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| BRANDON ALI | C/O LAW OFFICES OF TODD M. FRIEDMAN, P.C. | ATTN: TODD FRIEDMAN, THOMAS WHEELER | TFRIEDMAN@TODDFLAW.COM<br>TWHEELER@TODDFLAW.COM |
| BRENT BRAY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| BRENT TURNER | C/O TILLOTSON JOHNSON & PATTON | ATTN: JEFFREY TILLOTSON & BENJAMIN NABORS | JTILLOTSON@TILLOTSONLAW.COM<br>BNABORS@TILLOTSONLAW.COM |
| CAMERON GLASSCOCK | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| CARMEN ATKINS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| CARMEN WILSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| CAROLINE HILLIARD | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| CHILMARK ADMINISTRATIVE LLC | | | EVAN.COBB@NORTONROSEFULBRIGHT.COM<br>JENNIFER.STAM@NORTONROSEFULBRIGHT.COM<br>SCOTT.BOUCHER@NORTONROSEFULBRIGHT.COM |
| CHRISTOPHER DAFFRON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| CHRISTOPHER NICHOLAS ROKAS | C/O MARTIN & BONTRAGER | | TOM@MBLAWAPC.COM |
| COREY SAFFOLD | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| DEBRA ROBERTSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |



## Exhibit B
Served via Electronic Mail

| Name | Attention 1 | Attention 2 | Email |
|---|---|---|---|
| DIANA SANDOVAL | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| DOMENICO DCARPIO | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| EDUARDO VENEGAS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| EMILY BEHRENDT | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| EUGENE LEDUC | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| FINLAYSON TOFFER ROOSEVELT & LILLY LLP | | | JTOFFER@FTRLFIRM.COM |
| FRAGOMEN, DEL REY, BERNSEN & LOEWY, LLP | | | CLIENT.REMIT@FRAGOMEN.COM |
| FRONTIER CAPITAL GROUP, LTD. | ATTN: DAVID SCHAEFFER, TREASURER | | FRONTIER@TX9.COM<br>DAVID@TX9.COM<br>SWEISZ@COZEN.COM |
| FRONTIER CAPITAL GROUP, LTD. | ATTN: MAT BRADLEY, VP | | MAT@TX9.COM<br>HESSLINGER@COZEN.COM |
| GV STADIUM GATEWAY, LLC | | | RSEIDE@SEIDELAW.COM |
| HUDSON COOK, LLP | | | BSIMS@HUDCO.COM |
| INTRADO DIGITAL MEDIA, LLC | | | BILLING.SUPPORT@NOTIFIED.COM |
| JAIME ALARCON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| JAMS INC. | | | GDITTMAR@JAMSADR.COM |
| JASON NEAL | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| JENIFER CARL | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| JILL FREEHLING | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| KERRY HUNTER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| KYLA HENDERSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| LATEAKA VINSON | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |

In re: NextPoint Financial Inc., et al.<br>Case No. 23-10983 (TMH)

Page 2 of 4



**Exhibit B**
Served via Electronic Mail

| Name | Attention 1 | Attention 2 | Email |
|---|---|---|---|
| LATORIA CARTER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| MANUEL GARCIA | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| MARQUES CONERLY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| MAURICIO ZETINO | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| MICKELE E CAMPBELL | C/O SULAIMAN LAW GROUP | ATTN: NATHAN C. VOLHEIM | NVOLHEIM@SULAIMANLAW.COM |
| NANCY LIBBY | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| PAUL ROTTENBERG | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| RACHEL BUATHIER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| ROWENA ROSETE | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| SALENE WANZER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| SALLY PIZANO | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| SAMUEL BERMUDEZ | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| SERVICING SOLUTIONS | | | CESAR.GUZMAN@SERVICINGSOLUTIONS.COM<br>ROBERT.CARACCIOLA@SERVICINGSOLUTIONS.COM |
| SESSIONS, ISRAEL & SHARTLE, LLC | | | LSCHMITT@SESSIONS.LEGAL |
| SEVERSON & WERSON, A PROFESSIONAL CORPORATION | | | SJH@SEVERSON.COM |
| SHAMMON WILLIAMS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| SHIRLEGHTA GIVAN, ON BEHALF OF HERSELF AND CLASS OF SIMILIARLY SITUATED BORROWERS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| SISMAS GROUP, INC DBA POLYMORPHIC | | | DAVID@FSELEGAL.COM |
| SISMAS GROUP, INC. DBA POLYMORPHIC | FOSTER, SULTANYAN & EUREDJIAN, LLP | | DAVID@FSELEGAL.COM |
| SYMONE ALEXANDER | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |

In re: NextPoint Financial Inc., et al.
Case No. 23-10983 (TMH)

Page 3 of 4

 **STRETTO**

**Exhibit B**
Served via Electronic Mail

| Name | Attention 1 | Attention 2 | Email |
|---|---|---|---|
| TEONA LEWIS | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| TOMAS AGUILAR | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |
| TRAC - THE REGISTERED AGENT COMPANY | | | TRAC@TRACAGENTS.COM |
| TUAN VO (INDIVIDUALLY AND ON BEHALF OF OTHERS) | C/O DALE M. FIOLA, ATTORNEY AT LAW | | DMFIOLAW@GMAIL.COM<br>FIFIOLAW1@AOL.COM |
| TUAN VO (INDIVIDUALLY AND ON BEHALF OF OTHERS) | C/O DALE M. FIOLA, ATTORNEY AT LAW | | DMFIOLAW@GMAIL.COM<br>FIFIOLAW1@AOL.COM |
| TYESHA JACKSON WISE | | | ADDRESS REDACTED |
| VONK ALERT | C/O ZIMMERMAN REED, LLP | ATTN: FLINN MILLIGAN, CALEB MARKER | CALEB.MARKER@ZIMMREED.COM<br>FLINN.MILLIGAN@ZIMMREED.COM<br>CHRISTOPHER.NAGAKAWA@ZIMMREED.COM |

In re: NextPoint Financial Inc., et al.
Case No. 23-10983 (TMH)

Page 4 of 4

# **<u>Exhibit C</u>**

**CLAIMS AMOUNT NOTICE**

TO: [PARTY]

This Claims Notice must be read together with the Claims Process Order (the "**Claims Process Order**") of the Supreme Court of British Columbia granted on November 17, 2023 and the Claims Process Instruction Letter. Copies of the Claims Process Order and the Claims Process Instruction Letter are enclosed in the Claims Package you have received and are also available at http://cfcanada.fticonsulting.com/nextpoint. All capitalized terms not otherwise defined herein have the same meanings as are given to them in Schedule "C" to the Claims Process Order.

NextPoint Financial, Inc. ("**NP Parent**"), NPI Holdco LLC ("**NPI Holdco**") and NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**LoanMe Entities**" and together with NP Parent and NPI Holdco, the "**NP Entities**"), have identified you as a Person with a Claim against one or more of the NP Entities with respect to which one or more of the NP Entities has sufficient information to make a reasonable assessment of your Claim. This Claims Notice sets out the amount and status of your Claim according to the Applicants' books and records.

Your total claim has been assessed by the NP Entities, having reviewed their records and consulted with the Monitor, and accepts that you have the following claim(s):

CLAIM REFERENCE NUMBER: _____

CLAIM AGAINST: [NP ENTITY]

---

Your Claim or Restructuring Claim has been assessed as **[an unsecured/ a secured]** claim in the amount of **$_____** against **[NP ENTITY]**.

If you agree with the above assessment of your Claim(s) or Restructuring Claim(s) you do not need to take further action.

---

If you wish to dispute the assessment of your Claims(s) or Restructuring Claim(s) you MUST complete a Proof of Claim Form included in the Claims Package sent to you.

Your completed Proof of Claim Form must be delivered to the Court-Appointed Monitor and the NP Entities by the Claims Bar Date, at:

**To the Monitor:**

**FTI Consulting Canada Inc.**
In its capacity as the court appointed Monitor of
NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email:  nextpoint@fticonsulting.com
Phone: 1 877 255 9085

**To the Petitioners:**

**DLA Piper (Canada) LLP**
**1133 Melville Street**
Suite 2700
Vancouver, BC V6E 4E5

Attention:  Jeffrey Bradshaw and
Samantha Arbor
Email:
jeffrey.bradshaw@ca.dlapiper.com;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9404
Facsimile: 604.687.1612

**The Claims Bar Date is 5:00 p.m. (Vancouver time) on December 15, 2023 or such other date as may be ordered by the Court.**

> **IN ACCORDANCE WITH THE TERMS OF THE CLAIMS PROCESS ORDER, IF YOU FAIL TO COMPLETE AND SUBMIT A PROOF OF CLAIM IN ACCORDANCE WITH THE CLAIMS PROCESS ORDER BY THE CLAIMS BAR DATE YOU WILL BE DEEMED TO HAVE ACCEPTED THE CLAIM AMOUNT(S) SET FORTH IN THIS CLAIMS NOTICE AND SUCH CLAIM WILL BE A PROVEN CLAIM AND ANY FURTHER CLAIMS AGAINST ANY OF NEXTPOINT FINANCIAL, INC., NPI HOLDCO LLC, NPLM HOLDCO LLC, MMS SERVICING LLC, LOANME, LLC, LOANME FUNDING, LLC, LM RETENTION HOLDINGS, LLC, LOANME STORES LLC, LM BP HOLDINGS, LLC, INSIGHTSLOGIC LLC AND LM 2020 CM I SPE, LLC**

Dated the 20th day of November, 2023 at Vancouver, British Columbia

**FTI CONSULTING CANADA INC.**
In its capacity as the court appointed
Monitor of NextPoint Financial, Inc. et al.

PER: _____
Tom Powell, Senior Managing Director

# **Exhibit D**

**PROOF OF CLAIM**

For all Claims and Restructuring Claims relating to the NP Entities.

(See Reverse for Instructions)

Regarding the claim of _____(referred to in
this form as **"the creditor"**).                    (name of creditor)

All notices or correspondence regarding this claim to be forwarded to the creditor at the following
address:

_____

_____

Telephone:_____        Fax:_____

Email:  _____

***Have you acquired this Claim or Restructuring Claim by assignment? If yes, if not already
provided, attach documents evidencing assignment.***

      Yes: ❑        No:   ❑      *(if yes, attach documents evidencing assignment)*

      ***If Yes, Full Legal Name of Original Creditor(s): _____***

I, _____ residing in the _____ of
    (name of person signing claim)                    (i.e. city, town etc.)

_____ in the state/province of _____ .
    (name of city)                                    (name of state or province)

Do hereby certify that:

❑      1.      I am the creditor

        or

    I am _____ of the creditor.
      (if an officer or employee of the company, state position or title)

❑      2.      I have knowledge of all the circumstances connected with the Claim or Restructuring
Claim referred to in this form.

3.      _____[specify NP Entity] was, as at July 25, 2023 and still is indebted to the creditor in the sum of $_____USD as shown by the statement of account attached hereto and marked **Schedule "A".** Claims or Restructuring Claim should not include the value of goods and/or services supplied after July 25, 2023. If a creditor's claim is to be reduced by deducting any counter claims and/or claims to set-off to which the applicable NP Entity is entitled and/or amounts associated with the return of equipment and/or assets by the NP Entity, please specify.

*(Claims or Restructuring Claims in a foreign currency are to be converted to United States Dollars at the Bank of Canada exchange rate as of July 25, 2023. The Canadian Dollar/US Dollar rate of exchange on that date was C$0.7585/US$1.00.)*

4.      The statement of account must specify the vouchers or other evidence in support of the claim including the date and location of the delivery of all services and materials. Any claim for interest must be supported by contractual documentation evidencing the entitlement to interest.

5.      [ ]    A.    **Unsecured claim. $_____.** In respect to the said debt, the creditor does not and has not held any assets as security.

   [ ]    B.    **Secured claim. $_____.** In respect of the said debt, the creditor holds assets valued at $ _____as security:

*Provide full particulars of the Claim or the Restructuring Claim, including amount, description of transaction(s) or agreement(s) giving rise to the Claim or the Restructuring Claim, name of any guarantor(s) which have guaranteed the Claim, particulars and copies of any security and amount of Claim or the Restructuring Claim allocated thereto, date and number of invoices, particulars of all credits, discounts, etc., claimed. Attach all supporting documents as **Schedule"B".***

Dated at _____, this _____day of_____ , 2023.

Witness _____        _____

(signature of individual completing the form)

*Must be signed and witnessed*

**Instructions for Completing Proof of Claim Forms**

In completing the attached form, your attention is directed to the notes on the form and to the following requirements. Unless otherwise defined, all capitalized terms used herein shall have the meaning given to those terms in the Claims Process.

Proof of Claim:

1.    The form must be completed by an individual and not by a corporation. If you are acting for a corporation or other person, you must state the capacity in which you are acting, such as, "Credit Manager", "Treasurer", "Authorized Agent", etc., and the full legal name of the party you represent.

2.    The person signing the form must have knowledge of the circumstances connected with the claim.

3.    A Statement of Account containing details of the Claim or the Restructuring Claim, and if applicable, the amount due in respect of property claims, must be attached and marked Schedule "A".

4.    The Proof of Claim must clearly specify the amount of the Claim or the Restructuring Claim and, if in a foreign currency, must be converted to United States dollars at the Bank of Canada exchange rate as at the Filing Date (July 25, 2023). The Canadian Dollar/US Dollar rate of exchange on that date was C$0.7585/US$1.00.

5.    The Proof of Claim must provide full particulars of the Claim or the Restructuring Claim, including amount, description of transaction(s) or agreement(s) giving rise to the Claim or the Restructuring Claim, name of any guarantor(s) which have guaranteed the Claim or the Restructuring Claim, particulars and copies of any security and amount of Claim or the Restructuring Claim allocated thereto, date and number of invoices, particulars of all credits, discounts, etc, claimed.

6.    Any amounts claimed as interest should be clearly noted as being for interest.

7.    The nature of the claim must be indicated by ticking the type of claim which applies:

      Ticking (A) indicates the claim is unsecured;

      Ticking (B) indicates the claim is secured, such as a mortgage, lease, or other security interest, and the value at which the creditor assesses the security must be inserted, together with the basis of valuation. Details of each item of security held should be attached as Schedule "B" and submitted with a copy of the chattel mortgage, conditional sales contract, security agreement, etc.

8.    The person signing the form must insert the place and date in the space provided, and the signature must be witnessed.

2

The completed Proof of Claim and all supporting documentation must be sent on or before the Claims Bar Date (December 15, 2023) to both the Petitioners and the Monitor at:

**To the Monitor:**

**FTI Consulting Canada Inc.**
In its capacity as the court appointed
Monitor of NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email:  nextpoint@fticonsulting.com
Phone: 1 877 255 9085

**To the Petitioners:**

**DLA Piper (Canada) LLP**
1133 Melville Street
Suite 2700
Vancouver, BC V6E 4E5

Attention:  Jeffrey Bradshaw and
Samantha Arbor
Email:
jeffrey.bradshaw@ca.dlapiper.com;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9444
Facsimile: 604.687.1612

Additional information regarding the NP Entities and the CCAA process, as well as copies of claims documents may be obtained at http://cfcanada.fticonsulting.com/nextpoint/.

If there are any questions in completing the Proof of Claim, please contact the Monitor at 1-877-255-9085 or nextpoint@fticonsulting.com.

**Any Claim or the Restructuring Claim not delivered to the Monitor and the Petitioners at the above noted addresses by the Claims Bar Date will, unless otherwise ordered by the Supreme Court of British Columbia, be barred and extinguished and may not thereafter be advanced against the NP Entities.**

# **<u>Exhibit E</u>**

## CLAIMS PROCESS INSTRUCTION LETTER

On July 25, 2023, NextPoint Financial, Inc., NPI Holdco LLC, LT Holdco, LLC, LT Intermediate Holdco, LLC, SiempreTax+ LLC, JTH Tax LLC, Liberty Tax Holding Corporation, Liberty Tax Service, Inc., JTH Financial, LLC, JTH Properties 1632, LLC, Liberty Credit Repair, LLC, Wefile LLC, JTH Tax Office Properties, LLC, LTS Software LLC, JTH Court Plaza, LLC, 360 Accounting Solutions, LLC, LTS Properties, LLC, CTAX Acquisition LLC, Community Tax Puerto Rico LLC, Community Tax LLC, NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**Petitioners**") received protection under the *Companies' Creditors Arrangement Act* (the "**CCAA**") by order of the Supreme Court of British Columbia (the "**Court**") in Court File No. S-235288 (Vancouver Registry) and FTI Consulting Canada Inc. was appointed monitor (the "**Monitor**") of the Petitioners.

On November 17, 2023, the Court granted a further order prescribing a process by which the identity and status of all persons holding Claims against NextPoint Financial, Inc. ("**NP Parent**"), NPI Holdco LLC ("**NPI Holdco**") and NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**LoanMe Entities**" and together with NP Parent and NPI Holdco, the "**NP Entities**"), will be established for purposes of the CCAA Proceedings (the "**Claims Process Order**"). A copy of the Claims Process Order may be viewed at http://cfcanada.fticonsulting.com/nextpoint/.

**Any creditor having a Claim or Restructuring Claim against any of the NP Entities arising prior to July 25, 2023, of any nature whatsoever, including an unsecured, secured, contingent or unliquidated Claim or Restructuring Claim, must send a Proof of Claim in the prescribed form to the Monitor, with a copy to the Petitioners, to be received by the Monitor and the NP Entities by no later than 5:00 p.m. (Pacific Time) on December 15, 2023 (the "Claims Bar Date").**

**Any creditor who receives a Claim Amount Notice and who does not dispute the Claim or Restructuring Claim as set forth in the Claim Amount Notice, is not required to file a Proof of Claim or Restructuring Claim by the Claims Bar Date. Any creditor who receives a Claim Amount Notice and wishes to dispute the amount set out therein shall file a Proof of Claim by the Claims Bar Date.**

Any creditor who chooses to file a Proof of Claim is required to provide full particulars of the Claim or Restructuring Claim and supporting documentation, including amount, description of transaction(s) or agreement(s) giving rise to the Claim or Restructuring Claim, name of any guarantor(s) which have guaranteed the Claim or Restructuring Claim, particulars and copies of any security and amount of Claim or Restructuring Claim allocated thereto, date and number of invoices, particulars of all credits, discounts, etc., claimed.

All Proofs of Claim, together with the required supporting documentation, must be sent to the Monitor and the Petitioners by registered mail, courier, email (in PDF), personal delivery or facsimile transmission addressed to:

| To the Monitor: | To the Petitioners: |
|---|---|
| **FTI Consulting Canada Inc.**<br>In its capacity as the court appointed<br>Monitor of NextPoint Financial, Inc. et al.<br>701 West Georgia Street<br>Suite 1450, Box 10089<br>Vancouver, BC V7Y 1B6<br><br>Attention: Mike Clark<br>Email:  nextpoint@fticonsulting.com<br>Phone: 1 877 255 9085 | **DLA Piper (Canada) LLP**<br>1133 Melville Street<br>Suite 2700<br>Vancouver, BC V6E 4E5<br><br>Attention:  Jeffrey Bradshaw and Samantha Arbor<br>Email: jeffrey.bradshaw@ca.dlapiper.com;<br>samantha.arbor@ca.dlapiper.com<br>Phone: 604.687.9444<br>Facsimile: 604.687.1612 |

Copies of the Proof of Claim form and further information regarding the Claims Process may be downloaded at http://cfcanada.fticonsulting.com/nextpoint/.

**PROOFS OF CLAIM WHICH ARE NOT RECEIVED BY THE CLAIMS BAR DATE WILL BE BARRED AND EXTINGUISHED FOREVER.**

If you have any questions regarding the Claims Process Order, the Claims Process, or the process or timelines for providing a Proof of Claim, please contact the Monitor at 1-877-255-9085 or nextpoint@fticonsulting.com.

Dated 20th day of November, 2023 in Vancouver, British Columbia.

**FTI Consulting Canada Inc.** in its capacity as Monitor of NextPoint Financial, Inc., et al.

PER: _____
        Tom Powell, Senior Managing Director

# **Exhibit F**



No. S-235288
Vancouver Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF THE COMPANIES' CREDITORS ARRANGEMENT ACT,
R.S.C., 1985 c. C-36, AS AMENDED

AND

IN THE MATTER OF A PLAN OF COMPROMISE AND ARRANGEMENT OF NEXTPOINT
FINANCIAL, INC. AND THOSE PARTIES LISTED ON SCHEDULE "A"

PETITIONERS

### ORDER MADE AFTER APPLICATION

### (CLAIMS PROCESS ORDER)

| | | | |
|---|---|---|---|
| BEFORE | )<br>)<br>)<br>)<br>) | THE HONOURABLE MADAM<br>JUSTICE FITZPATRICK | )<br>)<br>)<br>)<br>)<br>) NOVEMBER 17, 2023 |

ON THE APPLICATION of the Petitioners coming on for hearing at 800 Smithe Street, Vancouver, B.C. on this date; AND ON HEARING Jeffrey D. Bradshaw, Samantha Arbor and Lydia Huang, articled student, counsel for the Petitioners, and those other counsel listed on Schedule "B" hereto; AND UPON READING the materials filed, including the Sixth affidavit of Peter Kravitz sworn November 14, 2023, the Seventh affidavit of Peter Kravitz, sworn November 14, 2023, the Fifth Report of FTI Consulting Canada Inc. (the "**Monitor**"), in its capacity as monitor of the Petitioners, dated November 16, 2023, AND pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), the British Columbia Supreme Court Civil Rules, BC Reg 168/2009, and the inherent jurisdiction of this Honourable Court;

- 2 -

**THIS COURT ORDERS AND DECLARES** that:

1.      Unless otherwise stated herein, capitalized terms in this Claims Process Order shall have the meanings ascribed to them in **Schedule "C"** hereof.

2.      The time for service of the Notice of Application for this order and the supporting materials is hereby abridged and this application is properly returnable today and hereby dispenses with further service thereof.

**GENERAL PROCESS**

3.      The Claims Process, including the Claims Bar Date, is hereby approved.

4.      Each of the:

      (a)      Claims Process Instruction Letter attached as **Schedule "D"**;

      (b)      Proof of Claim attached as **Schedule "E"**;

      (c)      Notice of Revision or Disallowance attached as **Schedule "F"**;

      (d)      Notice of Dispute attached as **Schedule "G"**; and

      (e)      Newspaper Notice of Claims Process attached as **Schedule "H"**; and

      (f)      Claim Amount Notice form attached as **Schedule "I"**,

are hereby approved in substantially the forms attached. Despite the foregoing, the Monitor may, from time to time make minor changes to such forms as the Monitor considers necessary or desirable.

5.      The LoanMe Entities, NP Parent and NPI Holdco (collectively, the "**NP Entities**") and the Monitor are hereby authorized to use reasonable discretion as to the adequacy of compliance with respect to the manner in which forms delivered hereunder are completed and executed and the time by which they are submitted, and may, where they are satisfied that a Claim or Restructuring Claim has been adequately proven waive strict compliance with the requirements of this Claims Process Order as to completion, execution and time of delivery of such forms. The NP Entities and the Monitor may request any further

- 3 -

documentation from a Person that the NP Entities or the Monitor may require to enable them to determine the validity of a Claim or Restructuring Claim.

6. Any Claims or Restructuring Claims denominated in a currency other than United States Dollars shall be converted into United States Dollars at the applicable Bank of Canada exchange rate published on the Filing Date.

7. Copies of all forms delivered by or to a Creditor and determination of Claims or Restructuring Claims by the Monitor, the NP Entities or the Court, as the case may be, shall be maintained by the Monitor and, subject to further order of the Court, such Creditor shall be entitled to have access thereto by appointment during normal business hours on written request to the Monitor.

## NOTICE OF CLAIMS PROCESS

8. Forthwith after the date of this Claims Process Order, and in any event within five (5) Business Days, the Monitor shall cause the Newspaper Notice of Claims Process to be published in the Wall Street Journal for one Business Day, and the Globe and Mail

9. Forthwith after the date of this Claims Process Order, and in any event within two (2) Business Days, the Monitor shall post on the Monitor's Website copies of this Claims Process Order, the Claims Process Instruction Letter, a blank Proof of Claim form, a blank Notice of Dispute form, and the Newspaper Notice of Claims Process.

10. Publication of the Newspaper Notice of Claims Process, the sending to the Creditors of the Claims Package in accordance with this Claims Process Order, and completion of the other requirements of this Claims Process Order, shall constitute good and sufficient service and delivery of notice of this Claims Process Order, the Claims Process, and the Claims Bar Date on all Persons who may be entitled to receive notice thereof or of these proceedings, who may wish to assert a Claim or Restructuring Claim, or who may wish to appear in these proceedings. No other notice or service need be given or made and no other document or material need be sent to or served upon any Person in respect of this Claims Process Order or the Claims Process.

**NEGATIVE NOTICE CREDITORS**

11.    With respect to the Negative Notice Creditors, the Monitor is authorized and directed to implement the Claims Process with respect to the Negative Notice Claimants by sending to them a copy of the following by no later than November 24, 2023:

(a)    a Claims Process Instruction Letter;

(b)    a Claim Amount Notice, which shall set forth the Claim which such Negative Notice Creditors has against any or all of the NP Entities, according to the applicable the NP Entities' books and records;

(c)    a Proof of Claim form; and

(d)    this Claims Process Order

(collectively, the "**Negative Notice Claims Package**").

12.    Any Negative Notice Creditor that is sent a Claims Amount Notice and does not dispute the Claim or Restructuring Claim set forth in the Claims Amount Notice, is not required to submit a Proof of Claim by the Claims Bar Date. If a Negative Notice Creditor that is sent a Claims Amount Notice does not submit a Proof of Claim by the Claims Bar Date, or such later date as the Monitor may agree in writing, such Negative Notice Creditor's Claims shall be as set out in the Claims Amount Notice, shall be a Proven Claim for voting and distribution purposes and all of such Negative Notice Creditor's rights to dispute the Claims or Restructuring Claims as set out in the Claims Amount Notice or to otherwise assert or pursue Claims other than as set out in the Claims Amount Notice shall be forever extinguished.

13.    Any Negative Notice Creditor that is sent a Claims Amount Notice and (wishes to dispute any Claim or Restructuring Claim set forth in a Claims Amount Notice must submit a Proof of Claim Form to the Monitor in the manner set out in paragraph 19 hereof so that the Proof of Claim Form is received by the Monitor no later than the Claims Bar Date or such later date as the Monitor may agree to in writing.

**OTHER CREDITORS**

14.   The Monitor shall send a General Claims Package (as defined below) to each person that appears on the Service List and any Person known to the NP Entities or the Monitor as having a potential Claim or Restructuring Claim that is not captured in the Claims Schedule. The following is collectively referred to herein as the "**General Claims Package**"):

(a)   a Claims Process Instruction Letter;

(b)   a blank Proof of Claim form; and

(c)   this Claims Process Order

(and together with the Negative Notice Claims Package, the "**Claims Package**").

15.   Any Person that wishes to assert a Claim or Restructuring Claim must submit a Proof of Claim form to the Monitor in the manner set out in paragraph 19 hereof so that the Proof of Claim form is received by the Monitor no later than the Claims Bar Date, or such later date as the Monitor may agree to in writing.

16.   To the extent that any Person that does not receive a Claims Package prior to the Claims Bar Date, the Monitor shall forthwith cause a Claims Package to be sent to that Person or direct the Person to the documents posted on the Monitor's Website or otherwise respond to any reasonable request relating to the Claims Process as may be appropriate in the circumstances.

17.   If a Person does not receive a Claims Package but wishes to assert a Claim or Restructuring Claim any or all of the NP Entities, the Person must submit a Proof of Claim to the Monitor in the manner set out in paragraph 19 hereof so that the Proof of Claim is received by the Monitor no later than the Claims Bar Date, or such later date as the Monitor may agree to in writing.

**SERVICE**

18.   The NP Entities and the Monitor may, unless otherwise specified by this Claims Process Order, serve and deliver any letters, notices or other documents to Creditors or any other Person by forwarding copies thereof by prepaid ordinary mail, courier, personal delivery or electronic transmission to such Persons at their respective addresses or contact

- 6 -

information as last shown on the records of the Petitioner or set out in a Proof of Claim. Any such service and delivery shall be deemed to have been received: (i) if sent by First Class mail, on the third day after mailing internationally; (ii) if sent by courier or personal delivery, on the next Business Day following dispatch; and (iii) if delivered by electronic transmission, by 5:00 p.m. on a Business Day, on such Business Day and if delivered after 5:00 p.m. on a Business Day or other than on a Business Day, on the following Business Day.

19.   Any Proof of Claim, Notice of Dispute or other notice or communication required to be provided or delivered by a Person or to the Monitor under this Claims Process Order shall be in writing in substantially the form, if any, provided for in this Claims Process Order and will be sufficiently given only if delivered by prepaid registered mail, courier, personal delivery or email addressed to:

FTI Consulting Canada Inc.
Court-appointed Monitor of the Petitioners
701 West Georgia Street
Suite 1450, PO Box 10089
Vancouver, BC V7Y 1B6

Attention:   Mike Clark
Email:       nextpoint@fticonsulting.com

Any such notice or communication delivered by a Person shall be deemed to be received upon actual receipt thereof by the Monitor if received before 5:00 p.m. (Vancouver time) on a Business Day or, if delivered after 5:00 p.m. (Vancouver time) on a Business Day or other than on a Business Day, on the next Business Day.

20.   If, during any period in which notice or other communications are being given or sent pursuant to this Claims Process Order, a postal strike or postal work stoppage of general application should occur, such notice or other communications sent by ordinary or prepaid registered mail and then not received shall not, absent further Order, be effective and notices and other communications given hereunder during the course of any such postal strike or work stoppage of general application shall only be effective if given by courier, personal delivery, facsimile transmission or email in accordance with this Claims Process Order, in each case unless otherwise determined by the Monitor, in its reasonable discretion.

- 7 -

21.    In the event this Claims Process Order is later amended by further Order, the Monitor shall post such further Order on the Monitor's Website and the Petitioner or the Monitor may serve such further Order on the Service List and such posting and service (if any) shall constitute adequate notice to Creditors of the amendments made.

## MONITOR'S ROLE IN CLAIMS PROCESS

22.    The Monitor, in addition to its prescribed rights, duties, responsibilities and obligations under the CCAA and under the Initial Order, as amended and restated, with the assistance of the NP Entities, shall implement and administer the Claims Process, including the determination of Claims or Restructuring Claims of Creditors and the referral of any Claim or Restructuring Claim to the Court and is hereby directed and empowered to take such other actions and fulfill such other roles as are contemplated by this Claims Process Order.

## FILING PROOFS OF CLAIM

23.    Subject to paragraphs 12 and 25, any Person who wishes to assert a Claim or Restructuring Claim against the NP Entities shall file a Proof of Claim with the Monitor in the manner set out in paragraph 19 hereof so that the Proof of Claim is received by the Monitor by no later than the Claims Bar Date, or such later date as the Monitor may agree to in writing.

24.    Subject to paragraphs 12 and 25, any Person who does not file a Proof of Claim as provided for in paragraph 19 so that such Proof of Claim is received by the Monitor on or before the Claims Bar Date, or such later date as the Monitor, may agree to in writing or the Court may otherwise direct, shall:

(a)    be and is hereby forever barred, estopped and enjoined from asserting or enforcing any Claim or Restructuring Claim against the NP Entities and all such Claims shall be forever extinguished;

(b)    not be permitted to vote on any Plan on account of any such Claim or Restructuring Claim;

(c)    not be permitted to participate in any distribution under any Plan, from the proceeds of any sale of the NP Entities' assets, or otherwise on account of any such Claim or Restructuring Claim; and

- 8 -

(d)      not be entitled to receive any further notice in respect of the Claims Process.

25.    Notwithstanding anything contained in this Claims Process Order, Claims or Restructuring Claims that cannot be compromised as identified in sections 5.1(2) and 19(2) of the CCAA shall not be extinguished or otherwise affected by this Claims Process Order and, for greater certainty, paragraph 19 shall not apply to such claims.

## ADJUDICATION OF CLAIMS

26.    Upon request, the Monitor shall provide the NP Entities' counsel with copies of any Proofs of Claim and any other documents delivered to the Monitor pursuant to the Claims Process.

27.    The NP Entities and the Monitor may review all Proofs of Claim received and the Monitor shall accept, revise or disallow each Claim as set out therein provided. If the Monitor, after such consultation with the NP Entities as the Monitor considers necessary or desirable, wishes to revise or disallow a Claim or Restructuring Claim, the Monitor shall send such Person a Notice of Revision or Disallowance advising that the Person's Claim or Restructuring Claim as set out in its Proof of Claim has been revised or disallowed and the reasons therefor. Unless otherwise agreed to by the Monitor, any Claims or Restructuring Claims set out in Proofs of Claim that are filed after the Claims Bar Date, are deemed to be disallowed, and the Monitor need not deliver a Notice of Revision or Disallowance in respect of such Claim or Restructuring Claim.

28.    Any Person who is sent a Notice of Revision or Disallowance pursuant to paragraph 27 hereof and who wishes to dispute such Notice of Revision or Disallowance must, within ten (10) days after the date of the applicable Notice of Revision or Disallowance or such other date as may be agreed to by the Monitor in writing, deliver a completed Notice of Dispute to the Monitor. If a Person fails to deliver a Notice of Dispute by such date, the Claim or Restructuring Claim as set out in the Notice of Revision or Disallowance, if any, shall be a Proven Claim and any and all of such Person's rights to dispute the Notice of Revision or Disallowance or to otherwise assert or pursue Claims or Restructuring Claims other than as set out in the Notice of Revision or Disallowance shall be forever extinguished.

- 9 -

29.    In the event that the NP Entities and the Monitor are unable to resolve a dispute regarding any asserted Claim or Restructuring Claim, the Person asserting the Claims or Restructuring Claims shall, within fifteen (15) days of delivering a Notice of Dispute, or such later date as the Monitor may agree to in writing, file with the Court and serve on the NP Entities and the Monitor, a notice of application to have the claim determined and the Court will hear the application in respect of the Disputed Claim as a hearing *de novo*. If such Person has delivered a Notice of Dispute but fails to deliver an application by such date, the Claim or Restructuring Claim as set out in the Notice of Revision or Disallowance, if any, shall be a Proven Claim and any and all such Person's rights to dispute the Notice of Revision or Disallowance or to otherwise assert or pursue Claims or Restructuring Claims other than as set out in the Notice of Revision of Disallowance shall be forever extinguished.

30.    Notwithstanding anything to the contrary herein, the Monitor may, in consultation with the NP Entities to the extent the Monitor deems necessary or desirable, at any time:

(a)    refer a Claim or Restructuring Claim for resolution to the Court for any purpose where in the Monitor's discretion such a referral is preferable or necessary for the resolution or valuation of the Claim or Restructuring Claim;

(b)    accept the amount of a Claim or Restructuring Claim for voting purposes without prejudice to the right of the NP Entities to later contest the validity or amount of the Claim or Restructuring Claim; and

(c)    settle and resolve any Disputed Claims.

**NOTICE OF TRANSFEREES**

31.    If the holder of a Claim or Restructuring Claim has transferred or assigned the whole of such Claim or Restructuring Claim to another Person, neither the Monitor nor the NP Entities shall be obligated to give notice or otherwise deal with the transferee or assignee of such Claim or Restructuring Claim in respect thereof unless and until actual written notice of such transfer or assignment, together with satisfactory evidence of such transfer or assignment, has been received and acknowledged in writing by the NP Entities and the Monitor on or before 5:00 p.m. (Vancouver time) on the date that is seven (7) days prior to the date of the Meeting. Subject to further order of the Court, any transferee or assignee

- 10 -

of a Claim or Restructuring Claim: (i) shall for the purposes of the Claims Process be bound by any notices given or steps taken in respect of such Claim or Restructuring Claim in accordance with the Claims Process prior to receipt and acknowledgement by the NP Entities and the Monitor of satisfactory evidence of such transfer or assignment; (ii) takes the Claim or Restructuring Claim subject to any defences or rights which the NP Entities may have in respect thereof including any right of setoff to which the NP Entities may be entitled. For greater certainty: (i) a transferee or assignee of a Claim or Restructuring Claim is not entitled to set off, apply, merge, consolidate or combine any Claims or Restructuring Claims assigned or transferred to it against or on account or in reduction of any amounts owing by such Person to the NP Entities and (ii) Claims or Restructuring Claims acquired by a transferee or assignee will not merge, consolidate or combine with any of the transferee's or assignee's other Claims or Restructuring Claims.

32.     Reference to a transfer or assignment in this Claims Process Order includes a transfer or assignment whether absolute or intended as security.

## GENERAL

33.     The NP Entities, in consultation with the Monitor, may consult with and/or provide reporting to the DIP Lender in the review, adjudication and/or resolution of any Claims or Restructuring Claims or asserted Claims or Restructuring Claims subject to this Claims Process.

34.     THIS COURT REQUESTS the aid and recognition of other Canadian and foreign Courts, tribunals, regulatory or administrative bodies to act in aid of and to be complementary to this Court in carrying out the terms of this Claims Process Order where required. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the NP Entities and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Claims Process Order.

35.     The Monitor: (i) in carrying out its obligations under this Claims Process Order, shall have all of the protections given to it by the CCAA and the Initial Order or any other Order, or as an officer of this Court, including the stay of proceedings in its favour, (ii) shall incur no liability or obligation as a result of the carrying out of its obligations under this Claims Process Order, save and except in the event of any gross negligence or wilful misconduct

on the part of the Monitor, (iii) shall be entitled to rely on the books and records of the NP Entities, and any information provided by the NP Entities, all without independent investigations, and (iv) shall not be liable for any claims or damages resulting from any errors or omissions in such books, records or information.

36.    The NP Entities and the Monitor may apply to this Court from time to time for directions from the Court with respect to this Claims Process Order and the Claims Process, or for such further Order or Orders as either of them may consider necessary or desirable to amend, supplement or replace this Claims Process Order, including the schedules to this Claims Process Order.

37.    Endorsement of this Claims Process Order by counsel appearing on this application, other than counsel for the NP Entities, is hereby dispensed with.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

Signature of ☑ lawyer for the Petitioners
DLA Piper (Canada) LLP (Jeffrey D. Bradshaw)

BY THE COURT

REGISTRAR

CHECKED

# SCHEDULE "A"

1. NextPoint Financial, Inc.
2. NPI Holdco LLC

**Liberty Tax Entities**

1. LT Holdco, LLC
2. LT Intermediate Holdco, LLC
3. SiempreTax+ LLC
4. JTH Tax LLC
5. Liberty Tax Holding Corporation
6. Liberty Tax Service, Inc.
7. JTH Financial, LLC
8. JTH Properties 1632, LLC
9. Liberty Credit Repair, LLC
10. Wefile LLC
11. JTH Tax Office Properties, LLC
12. LTS Software LLC
13. JTH Court Plaza, LLC
14. 360 Accounting Solutions, LLC
15. LTS Properties, LLC

**Community Tax Entities**

1. CTAX Acquisition LLC
2. Community Tax Puerto Rico LLC
3. Community Tax LLC

**Loan Me Entities**

1. NPLM Holdco LLC
2. MMS Servicing LLC
3. LoanMe, LLC
4. LoanMe Funding, LLC
5. LM Retention Holdings, LLC
6. LoanMe Stores LLC
7. LM BP Holdings, LLC
8. InsightsLogic LLC
9. LM 2020 CM I SPE, LLC

## SCHEDULE "B"

List of Counsel Appearing

| Name of Counsel | Party Representing |
| --- | --- |
| Lisa Hiebert | The Monitor |
| ~~Marc Wasserman~~<br><br>Dave Rosenblat | BasePoint |
| ~~Lance Williams~~<br>Ashley Bowron | First Century Bank, N.A. |
| ~~Martin Sennott~~<br>Lauren Morris<br>~~David Gruber~~ | ~~Drake Enterprises Ltd.~~<br>Drake Enterprises Ltd.<br>~~TMI Trust Company~~ |
| ~~Kieran Siddall~~<br>Elana Friedman | Chilmark |
|  |  |
|  |  |
|  |  |

SCHEDULE "C"
DEFINITIONS

**"BIA"** means the *Bankruptcy and Insolvency Act*, RSC 1985, c. B-3, as amended;

**"Business Day"** means any day, other than a Saturday or Sunday, on which the principal commercial banks in Vancouver, British Columbia are open for commercial banking business during normal banking hours;

**"CCAA"** means the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended;

**"Claim"** means any right or claim of any Person against the NP Entities, whether or not asserted, in connection with any indebtedness, liability or obligation or any kind whatsoever of a NP Entity owed to such Person and any interest accrued thereon or costs, fees or other amounts in respect thereof, whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, unsecured, present, secured, unsecured, perfected, unperfected, future, known or unknown, by guarantee, surety or otherwise, and whether or not such right is executory or anticipatory in nature, including any right or claim with respect to any contract, lease or other agreement, whether written or oral, by reason of any equity interest, the commission of a tort (intentional or unintentional), any breach of duty (legal, statutory, equitable, fiduciary or otherwise), any right of ownership or title to property or assets or right to a trust or deemed trust (statutory, express, implied, resulting, constructive or otherwise), employment, contract, a trust or deemed trust, howsoever created, any claim made or asserted against the NP Entities through any affiliate, or any right or ability of any Person to advance a claim for contribution or indemnity or otherwise with respect to any grievance, matter, action, cause or chose in action, whether existing at present or commenced in the future, in each case based in whole or in part on facts which existed on the Filing Date or which would have been, or together with any other claims of any kind that, if unsecured, would constitute a debt provable in bankruptcy within the meaning of the BIA had the NP Entities become bankrupt on the Filing Date;

**"Claims Amount Notice"** means the notice sent to Negative Notice Creditors substantially in the form attached as Schedule "I" to the Claims Process Order setting out the amount, secured status, and priority of a Creditor's Claim where the NP Entities have sufficient information to make a reasonable assessment of such Claim according to the books and records of such NP Entities;

**"Claims Bar Date"** means 5:00 p.m. (Vancouver time) on December 15, 2023, or such other date as may be ordered by this Court;

**"Claims Process"** means the determination and adjudication of Claims to be undertaken and administered by the Monitor and the NP Entities pursuant to the terms of this Claims Process Order;

**"Claims Process Instruction Letter"** means the letter substantially in the form attached as Schedule "D" to the Claims Process Order explaining the Claims Process;

**"Claims Process Order"** means the order of this Court made in the CCAA Proceedings on November 17, 2023 establishing the Claims Process;

"**Claims Schedule** means a list of known Creditors with Claims against one or more of the NP Entities prepared and updated from time to time by the NP Entities, with the assistance of the CRO and the Monitor, showing the name, last known address, last known facsimile number and last known email address of each such Creditor (except where such Creditor is represented by counsel known by the NP Entities, the address, facsimile number and email address of such counsel may be substituted) and the amount of such Creditor's Claim against the applicable NP Entity as valued by the NP Entities;

"**Court**" means the Supreme Court of British Columbia;

"**Creditor**" means any Person holding a Claim, and includes, without limitation, the transferee or assignee of a transferred Claim that is recognized as a Creditor in accordance with paragraph 31 of this Claims Process Order, or a trustee, liquidator, receiver, manager, or other Person acting on behalf of such Person;

"**CRO**" means Peter Kravitz, providing services pursuant to the agreement dated July 1, 1023 among the Petitioners and Province LLC and Province Fiduciary Services, LLC;

"**DIP Lender**" means the Interim Lender (as defined in the Initial Order);

"**Disputed Claim**" means, with respect to a Claim, the amount of the Claim or such portion thereof which has not been determined to be a Proven Claim in accordance with the process set forth in the Claims Process Order, which is disputed and which is subject to adjudication in accordance with the Claims Process Order, and is not barred pursuant to the Claims Process Order;

"**Filing Date**" means July 25, 2023;

"**Governmental Entity**" means any:

   a)  multinational, federal, provincial, territorial, state, regional, municipal, local or other government, governmental or public department, central bank, court, tribunal, arbitral body, commission, board, bureau or agency, domestic or foreign;
   b)  subdivision, agent, commission, board, or authority of any of the foregoing; or
   c)  quasi governmental or private body exercising any regulatory, expropriation or taxing authority under or, for the account of, any of the foregoing;

"**Initial Order**" means an Order of the Court dated July 25, 2023, as amended and restated on August 3, 2023 and as it may be further amended, restated, varied and/or supplemented from time to time commencing a proceeding pursuant to the CCAA in respect of the Petitioners, including on October 13, 2023.

"**LoanMe Entities**" means collectively, NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LoanMe Stores LLC, LM Retention Holdings, LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC;

"**Monitor**" means FTI Consulting Canada Inc. in its capacity as Court-appointed Monitor of the Petitioners;

**"Monitor's Website"** means the website at http://cfcanada.fticonsulting.com/nextpoint;

**"Newspaper Notice of Claims Process"** means the notice to be published in one ~~Canadian~~ national newspaper for one Business Day following the issuance of the Claims Process Order; 

**"Negative Notice Creditors"** means a Creditors who Claim against one or more of the LoanMe Entities is known by one or more of the LoanMe Entities as of the date of this Claims Process Order and whose Claim is included in the Claims Schedule;

**"Notice of Dispute "** means the notice substantially in the form attached as Schedule "G" to the Claims Process Order that may be delivered by a Creditor who has received a Notice of Revision or Disallowance to dispute such Notice of Revision or Disallowance;

**"Notice of Revision or Disallowance"** means the notice substantially in the form attached as Schedule "F" to the Claims Process Order that may be delivered by the Monitor to a Creditor advising that the Creditor's Claim has revised or disallowed in whole or in part as set out in its Proof of Claim;

**"NP Parent"** means NextPoint Financial, Inc.;

**"NPI Holdco"** means NPI Holdco LLC;

**"Person"** includes an individual, partnership, firm, joint venture, venture capital fund, limited liability company, unlimited liability company, association, trust, entity, corporation, unincorporated association, or organization, syndicate, committee, court appointed representative, the government of a country or any political subdivision thereof, or any agency, board, tribunal, commission, bureau, instrumentality, or department of such government or political subdivision, or any entity, howsoever designated or constituted, including any Taxing Authority, and the trustees, executors, administrators, or other legal representatives of an individual, and for greater certainty includes any Governmental Entity;

**"Plan"** means a plan of arrangement or compromise or distribution with respect to the LoanMe Entities;

**"Proof of Claim"** means the form to be completed and filed by a Creditor who wishes to assert a Claim, substantially in the form attached as Schedule "E" to the Claims Process Order;

**"Proven Claim"** means, any Claim that has been deemed to be a Proven Claim or otherwise admitted in whole or in part pursuant to the provisions of the Claims Process Order;

**"Restructuring Claim"** means any right or Claim of any Person against NP Parent arising as a result of or in connection with the repudiation, breach, termination or restructuring by NP Parent the Filing Date of any contract, purchase order, agreement, lease, employment or other obligation of any kind whatsoever;

**"Taxing Authority"** means His Majesty the King in right of Canada, His Majesty the King in right of any province or territory of Canada, the Canada Revenue Agency, any similar revenue or taxing authority of Canada and each and every province or territory of Canada in any political subdivision

thereof, the United States Internal Revenue Service, any similar revenue or taxing authority of the U.S. and each and every state and locality of the U.S., and any Canadian, U.S. or other Governmental Authority exercising taxing authority or power, and "Taxing Authority" means any of the Taxing Authorities.

SCHEDULE "D"

**CLAIMS PROCESS INSTRUCTION LETTER**

On July 25, 2023, NextPoint Financial, Inc., NPI Holdco LLC, LT Holdco, LLC, LT Intermediate Holdco, LLC, SiempreTax+ LLC, JTH Tax LLC, Liberty Tax Holding Corporation, Liberty Tax Service, Inc., JTH Financial, LLC, JTH Properties 1632, LLC, Liberty Credit Repair, LLC, Wefile LLC, JTH Tax Office Properties, LLC, LTS Software LLC, JTH Court Plaza, LLC, 360 Accounting Solutions, LLC, LTS Properties, LLC, CTAX Acquisition LLC, Community Tax Puerto Rico LLC, Community Tax LLC, NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**Petitioners**") received protection under the *Companies' Creditors Arrangement Act* (the "**CCAA**") by order of the Supreme Court of British Columbia (the "**Court**") in Court File No. S-235288 (Vancouver Registry) and FTI Consulting Canada Inc. was appointed monitor (the "**Monitor**") of the Petitioners.

On November 17, 2023, the Court granted a further order prescribing a process by which the identity and status of all persons holding Claims against NextPoint Financial, Inc. ("**NP Parent**"), NPI Holdco LLC ("**NPI Holdco**") and NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**LoanMe Entities**" and together with NP Parent and NPI Holdco, the "**NP Entities**"), will be established for purposes of the CCAA Proceedings (the "**Claims Process Order**"). A copy of the Claims Process Order may be viewed at http://cfcanada.fticonsulting.com/nextpoint.

**Any creditor having a Claim or Restructuring Claim against any of the NP Entities arising prior to July 25, 2023, of any nature whatsoever, including an unsecured, secured, contingent or unliquidated Claim or Restructuring Claim, must send a Proof of Claim in the prescribed form to the Monitor, with a copy to the Petitioners, to be received by the Monitor and the NP Entities by no later than 5:00 p.m. (Pacific Time) on December 15, 2023 (the "Claims Bar Date").**

**Any creditor who receives a Claim Amount Notice and who does not dispute the Claim or Restructuring Claim as set forth in the Claim Amount Notice, is not required to file a Proof of Claim or Restructuring Claim by the Claims Bar Date. Any creditor who receives a Claim Amount Notice and wishes to dispute the amount set out therein shall file a Proof of Claim by the Claims Bar Date.**

Any creditor who chooses to file a Proof of Claim is required to provide full particulars of the Claim or Restructuring Claim and supporting documentation, including amount, description of transaction(s) or agreement(s) giving rise to the Claim or Restructuring Claim, name of any guarantor(s) which have guaranteed the Claim or Restructuring Claim, particulars and copies of any security and amount of Claim or Restructuring Claim allocated thereto, date and number of invoices, particulars of all credits, discounts, etc., claimed.

All Proofs of Claim, together with the required supporting documentation, must be sent to the Monitor and the Petitioners by registered mail, courier, email (in PDF), personal delivery or facsimile transmission addressed to:

**To the Monitor:**

**FTI Consulting Canada Inc.**
In its capacity as the court appointed
Monitor of NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email:  nextpoint@fticonsulting.com
Phone: 1 877 255 9085

**To the Petitioners:**

**DLA Piper (Canada) LLP**
1133 Melville Street
Suite 2700
Vancouver, BC V6E 4E5

Attention:  Jeffrey Bradshaw and Samantha Arbor
Email: jeffrey.bradshaw@ca.dlapiper.com ;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9444
Facsimile: 604.687.1612

Copies of the Proof of Claim form and further information regarding the Claims Process may be downloaded at  http://cfcanada.fticonsulting.com/nextpoint.

**PROOFS OF CLAIM WHICH ARE NOT RECEIVED BY THE CLAIMS BAR DATE WILL BE BARRED AND EXTINGUISHED FOREVER.**

If you have any questions regarding the Claims Process Order, the Claims Process, or the process or timelines for providing a Proof of Claim, please contact the Monitor at 1-877-255-9085 or nextpoint@fticonsulting.com.

Dated _____, 2023 in Vancouver, British Columbia.

**FTI Consulting Canada Inc.** in its capacity as Monitor of NextPoint Financial, Inc., et al.

_____

2

## SCHEDULE "E"
## PROOF OF CLAIM

For all Claims and Restructuring Claims relating to the NP Entities.

### (See Reverse for Instructions)

Regarding the claim of _____(referred to in
this form as "**the creditor**").               (name of creditor)

All notices or correspondence regarding this claim to be forwarded to the creditor at the following
address:

_____

_____

Telephone: _____       Fax: _____

Email:  _____

***Have you acquired this Claim or Restructuring Claim by assignment? If yes, if not already
provided, attach documents evidencing assignment.***

      Yes: ❑    No:   ❑   *(if yes, attach documents evidencing assignment)*

      ***If Yes, Full Legal Name of Original Creditor(s):*** _____

I, _____ residing in the_____
     (name of person signing claim)                           (city, town, etc.)

of _____ in the province of_____
     (name of city, town, etc.)

Do hereby certify that:

❑    1.     I am the creditor

             or

      I am _____ of the creditor.
        (if an officer or employee of the company, state position or title)

❑    2.     I have knowledge of all the circumstances connected with the Claim or Restructuring
           Claim referred to in this form.

3.   _____[specify NP Entity] was, as at July 25, 2023 and still is indebted to the creditor in the sum of $_____USD as shown by the statement of account attached hereto and marked **Schedule "A"**. Claims or Restructuring Claim should not include the value of goods and/or services supplied after July 25, 2023. If a creditor's claim is to be reduced by deducting any counter claims and/or claims to set-off to which the applicable NP Entity is entitled and/or amounts associated with the return of equipment and/or assets by the NP Entity, please specify.

*(Claims or Restructuring Claims in a foreign currency are to be converted to United States Dollars at the Bank of Canada exchange rate as at July 25, 2023. The Canadian Dollar/US Dollar rate of exchange on that date was C$0.7585/US$1.00.)*

4.   The statement of account must specify the vouchers or other evidence in support of the claim including the date and location of the delivery of all services and materials. Any claim for interest must be supported by contractual documentation evidencing the entitlement to interest.

5.   [ ]   A.   **Unsecured claim. $_____**. In respect to the said debt, the creditor does not and has not held any assets as security.

     [ ]   B.   **Secured claim. $_____**. In respect of the said debt, the creditor holds assets valued at $ _____as security:

*Provide full particulars of the Claim or the Restructuring Claim, including amount, description of transaction(s) or agreement(s) giving rise to the Claim or the Restructuring Claim, name of any guarantor(s) which have guaranteed the Claim, particulars and copies of any security and amount of Claim or the Restructuring Claim allocated thereto, date and number of invoices, particulars of all credits, discounts, etc., claimed. Attach all supporting documents as **Schedule"B"**.*

Dated at _____ , this _____ day of_____ , 2023.

Witness _____          _____

(signature of individual completing the form)

*Must be signed and witnessed*

## Instructions for Completing Proof of Claim Forms

In completing the attached form, your attention is directed to the notes on the form and to the following requirements. Unless otherwise defined, all capitalized terms used herein shall have the meaning given to those terms in the Claims Process.

Proof of Claim:

1. The form must be completed by an individual and not by a corporation. If you are acting for a corporation or other person, you must state the capacity in which you are acting, such as, "Credit Manager", "Treasurer", "Authorized Agent", etc., and the full legal name of the party you represent.

2. The person signing the form must have knowledge of the circumstances connected with the claim.

3. A Statement of Account containing details of the Claim or the Restructuring Claim, and if applicable, the amount due in respect of property claims, must be attached and marked Schedule "A".

4. The Proof of Claim must clearly specify the amount of the Claim or the Restructuring Claim and, if in a foreign currency, must be converted to United States dollars at the Bank of Canada exchange rate as at the Filing Date (July 25, 2023). The Canadian Dollar/US Dollar rate of exchange on that date was C$0.7585/US$1.00.

5. The Proof of Claim must provide full particulars of the Claim or the Restructuring Claim, including amount, description of transaction(s) or agreement(s) giving rise to the Claim or the Restructuring Claim, name of any guarantor(s) which have guaranteed the Claim or the Restructuring Claim, particulars and copies of any security and amount of Claim or the Restructuring Claim allocated thereto, date and number of invoices, particulars of all credits, discounts, etc, claimed.

6. Any amounts claimed as interest should be clearly noted as being for interest.

7. The nature of the claim must be indicated by ticking the type of claim which applies:

   Ticking (A) indicates the claim is unsecured;

   Ticking (B) indicates the claim is secured, such as a mortgage, lease, or other security interest, and the value at which the creditor assesses the security must be inserted, together with the basis of valuation. Details of each item of security held should be attached as Schedule "B" and submitted with a copy of the chattel mortgage, conditional sales contract, security agreement, etc.

8. The person signing the form must insert the place and date in the space provided, and the signature must be witnessed.

The completed Proof of Claim and all supporting documentation must be sent on or before the Claims Bar Date (December 15, 2023) to both the Petitioners and the Monitor at:

**To the Monitor:**

**FTI Consulting Canada Inc.**
In its capacity as the court appointed
Monitor of NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email: nextpoint@fticonsulting.com
Phone: 1 877 255 9085

**To the Petitioners:**

**DLA Piper (Canada) LLP**
1133 Melville Street
Suite 2700
Vancouver, BC V6E 4E5

Attention: Jeffrey Bradshaw and
Samantha Arbor
Email:
jeffrey.bradshaw@ca.dlapiper.com ;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9444
Facsimile: 604.687.1612

Additional information regarding the NP Entities and the CCAA process, as well as copies of claims documents may be obtained at http://cfcanada.fticonsulting.com/nextpoint.

If there are any questions in completing the Proof of Claim, please contact the Monitor at 1-877-255-9085 or nextpoint@fticonsulting.com.

**Any Claim or the Restructuring Claim not delivered to the Monitor and the Petitioners at the above noted addresses by the Claims Bar Date will, unless otherwise ordered by the Supreme Court of British Columbia, be barred and extinguished and may not thereafter be advanced against the NP Entities.**

SCHEDULE "F"

## NOTICE OF REVISION OR DISALLOWANCE

**Regarding Claims or Restructuring Claims Against the NP Entities**

Claim Reference Number: _____

To: _____
(Name of Creditor)

Defined terms not defined in this Notice of Revision or Disallowance have the meaning ascribed in the Order of the Supreme Court of British Columbia, dated November 17, 2023 (the "**Claims Process Order**"). All dollar values contained herein are in Canadian dollars unless otherwise noted.

Pursuant to the Claims Process Order, FTI Consulting Canada Inc., in its capacity as Court-appointed Monitor of the NP Entities, hereby gives you notice that it has reviewed your Proof of Claim in conjunction with the NP Entities and has revised or disallowed your Claim or Restructuring Claim. Subject to further dispute by you in accordance with the Claims Process Order, your Claim or Restructuring Claim will be allowed as follows:

### Amount Allowed by Monitor:

| Proof of Claim Amount | Voting | Distribution | Allowed as Secured | Allowed as Unsecured |
|---|---|---|---|---|
|  |  |  |  |  |

**REASON(S) FOR THE REVISION OR DISALLOWANCE:**

_____
_____
_____
_____
_____

If you intend to dispute this Notice of Revision or Disallowance, you must:

1) Within ten (10) days after the date on which this Notice of Revision or Disallowance is deemed to be received under the Claims Process Order, deliver a Notice of Dispute in the form enclosed to the Monitor and the Applicant; and

2) Within fifteen (15) days of delivering the Notice of Dispute, file and serve an application with the Court supported by an affidavit setting out the basis for the dispute.

by prepaid registered mail, personal delivery, courier, facsimile, or electronic mail to the addresses below:

**To the Monitor:**

**FTI Consulting Canada Inc.**
In its capacity as the court appointed Monitor of NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email:  nextpoint@fticonsulting.com
Phone: 1 877 255 9085

**To the Petitioners:**

**DLA Piper (Canada) LLP**
1133 Melville Street
Suite 2700
Vancouver, BC V6E 4E5

Attention:  Jeffrey Bradshaw and Samantha Arbor
Email:
jeffrey.bradshaw@ca.dlapiper.com ;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9444
Facsimile: 604.687.1612

IF YOU FAIL TO FILE YOUR DISPUTE NOTICE WITHIN TEN (10) DAYS OF THE DATE YOU RECEIVED (OR ARE DEEMED TO HAVE RECEIVED) THIS NOTICE OF REVISION OR DISALLOWANCE, OR IF YOU FAIL TO DELIVER THE NOTICE OF APPLICATION WITHIN FIFTEEN (15) DAYS OF DELIVERING THE NOTICE OF DISPUTE, THE VALUE OF YOUR CLAIM WILL BE DEEMED TO BE ACCEPTED AS FINAL AND BINDING AS SET OUT IN THIS NOTICE OF REVISION OR DISALLOWANCE.

DATED this_____day of _____ , 2023.

## SCHEDULE "G"
### DISPUTE NOTICE

**Regarding Claims or Restructuring Claims Against the NP Entities**

Claim Reference Number: _____

Particulars of Creditor:

**Full Legal Name of Creditor (include trade name, if different):**

_____

*(the "Creditor")*

**Full Mailing Address of the Creditor:**

_____

_____

**Other Contact Information of the Creditor:**

Telephone Number:            _____

Email Address:               _____

Facsimile Number:            _____

Attention (Contact Person):  _____

Dispute of Revision or Disallowance of Claim for Voting and/or Distribution Purposes:

The Creditor hereby disagrees with the value and/or classification of its Claim as set out in the Notice of Revision or Disallowance and asserts a Claim as follows:

| | Amount Allowed by Monitor For: | | Amount Claimed by Creditor For: | |
|---|---|---|---|---|
| | Voting | Distribution | Voting | Distribution |
| Claim | $ | $ | $ | $ |

Date of Notice of Revision or Disallowance:_____

**REASONS FOR THE DISPUTE:**

*You must include a list of reasons as to why you are disputing your Claim(s) or the Restructuring Claim(s) as set out in the Notice of Revision or Disallowance. Please continue on additional pages if required. Please note you are required to attach to this Dispute Notice all relevant supporting documentation on which you rely in support of your Claim(s) or the Restructuring Claim(s).*

_____

_____

_____

_____

_____

_____

**SERVICE OF DISPUTE NOTICES**

If you intend to dispute a Notice of Revision or Disallowance, you must:

1)  Within ten (10) days after the date on which the Notice of Revision or Disallowance is deemed to be received under the Claims Process Order, deliver this Notice of Dispute to the Monitor and the LoanMe Entities by prepaid registered mail, personal delivery, courier, facsimile or electronic mail to the addresses below; and

2)  Within fifteen (15) days after the date on which the Notice of Revision or Disallowance is deemed to be received under the Claims Process Order, file and serve an application with the Court supported by an affidavit setting out the basis for the dispute, by prepaid registered mail, personal delivery, courier, facsimile or electronic mail to the addresses below,

by prepaid registered mail, personal delivery, courier, facsimile, or electronic mail to the addresses below:

To the Monitor:

**FTI Consulting Canada Inc.**
In its capacity as the court appointed Monitor of
NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email:  nextpoint@fticonsulting.com
Phone:  1 877 255 9085

To the Petitioners:

**DLA Piper (Canada) LLP**
**1133 Melville Street**
Suite 2700
Vancouver, BC V6E 4E5

Attention:  Jeffrey Bradshaw and Samantha
Arbor
Email: jeffrey.bradshaw@ca.dlapiper.com ;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9444

IF YOU:

1.      FAIL TO DELIVER YOUR DISPUTE NOTICE WITHIN TEN (10) DAYS AFTER
RECEIPT OF THE NOTICE OF REVISION OR DISALLOWANCE; OR

2.      FAIL TO SERVE THE MONITOR AND THE NP ENTITIES WITH AN APPLICATION
AND AFFIDAVIT WITHIN FIFTEEN (15) DAYS AFTER DELIVERY OF YOUR
NOTICE OF DISPUTE;

THE VALUE OF YOUR CLAIM OR RESTRUCTURING CLAIM FOR VOTING AND
DISTRIBUTION PURPOSES WILL BE DEEMED TO BE AS SET OUT IN THE NOTICE OF
REVISION OR DISALLOWANCE AND SUCH DETERMINATION WILL BE FINAL AND
BINDING IN ALL RESPECTS.

DATED this_____ day of _____ , 2023.

Name of Creditor: _____

_____

Per: _____

Witness

Name:
Title:
*(please print)*

**SCHEDULE "H"**

**Newspaper Notice of Claims Process**

## IN THE MATTER OF NEXTPOINT FINANCIAL INC., ET AL.

## NEWSPAPER NOTICE

On July 25, 2023, NextPoint Financial, Inc., NPI Holdco LLC, LT Holdco, LLC, LT Intermediate Holdco, LLC, SiempreTax+ LLC, JTH Tax LLC, Liberty Tax Holding Corporation, Liberty Tax Service, Inc., JTH Financial, LLC, JTH Properties 1632, LLC, Liberty Credit Repair, LLC, Wefile LLC, JTH Tax Office Properties, LLC, LTS Software LLC, JTH Court Plaza, LLC, 360 Accounting Solutions, LLC, LTS Properties, LLC, CTAX Acquisition LLC, Community Tax Puerto Rico LLC, Community Tax LLC, NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**Petitioners**") received protection under the *Companies' Creditors Arrangement Act* (the "**CCAA**") by order of the Supreme Court of British Columbia (the "**Court**") in Court File No. S-235288 (Vancouver Registry) and FTI Consulting Canada Inc. was appointed monitor (the "**Monitor**") of the Petitioners (the "**CCAA Proceedings**").

On November 17, 2023, the Court granted a further order prescribing a process by which the identity and status of all persons holding Claims against NextPoint Financial, Inc. ("**NP Parent**"), NPI Holdco LLC ("**NPI Holdco**") and NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**LoanMe Entities**" and together with NP Parent and NPI Holdco, the "**NP Entities**"), will be established for purposes of the CCAA Proceedings (the "**Claims Process Order**").

A copy of the Claims Process Order may be viewed at http://cfcanada.fticonsulting.com/nextpoint.

**Any creditor having a Claim or Restructuring Claim against any of the NP Entities arising prior to July 25, 2023, of any nature whatsoever, including an unsecured, secured, contingent or unliquidated Claim or Restructuring Clam, must send a Proof of Claim in the prescribed form to the Monitor, with a copy to the NP Entities, to be received by the Monitor and the NP Entities by no later than 5:00 p.m. (Pacific Time) on December 15, 2023 (the "Claims Bar Date").**

If you have any questions regarding the Claims Process Order, the Claims Process, or the process or timelines for providing a Proof of Claim, please contact the Monitor at 1-877-255-9085 or nextpoint@fticonsulting.com.

**SCHEDULE "I"**

**CLAIMS AMOUNT NOTICE**

TO: _____

This Claims Notice must be read together with the Claims Process Order (the "**Claims Process Order**") of the Supreme Court of British Columbia granted on November 17, 2023 and the Claims Process Instruction Letter. Copies of the Claims Process Order and the Claims Process Instruction Letter are enclosed in the Claims Package you have received and are also available at http://cfcanada.fticonsulting.com/nextpoint.  All capitalized terms not otherwise defined herein have the same meanings as are given to them in Schedule "B" to the Claims Process Order.

NextPoint Financial, Inc. ("**NP Parent**"), NPI Holdco LLC ("**NPI Holdco**") and NPLM Holdco LLC, MMS Servicing LLC, LoanMe, LLC, LoanMe Funding, LLC, LM Retention Holdings, LLC, LoanMe Stores LLC, LM BP Holdings, LLC, InsightsLogic LLC and LM 2020 CM I SPE, LLC (collectively, the "**LoanMe Entities**" and together with NP Parent and NPI Holdco, the "**NP Entities**"), have identified you as a Person with a Claim against one or more of the Canada Drives Entities with respect to which one or more of the Canada Drives Entities has sufficient information to make a reasonable assessment of your Claim. This Claims Notice sets out the amount and status of your Claim according to the Applicants' books and records.

Your total claim has been assessed by the NP Entities, having reviewed its records and consulted with the Monitor, and accepts that you have the following claim(s):

CLAIM REFERENCE NUMBER:

CLAIM AGAINST:

---

Your Claim or Restructuring Claim has been assessed as a **[secured/unsecured]** claim in the amount of $• against **[name of applicable NP Entity/Entities]. Details** of your claim, including any security granted in respect thereof, are set out in the attached schedule.

If you agree with the above assessment of your Claim(s) or Restructuring Claim(s) you do not need to take further action.

---

If you wish to dispute the assessment of your Claims(s) or Restructuring Claim(s) you MUST complete a Proof of Claim Form included in the Claims Package sent to you.

Your completed Proof of Claim Form must be delivered to the Court-Appointed Monitor and the NP Entities by the Claims Bar Date, at:

**To the Monitor:**

**FTI Consulting Canada Inc.**
In its capacity as the court appointed Monitor of
NextPoint Financial, Inc. et al.
701 West Georgia Street
Suite 1450, Box 10089
Vancouver, BC V7Y 1B6

Attention: Mike Clark
Email: nextpoint@fticonsulting.com
Phone: 1 877 255 9085

**To the Petitioners:**

**DLA Piper (Canada) LLP**
**1133 Melville Street**
Suite 2700
Vancouver, BC V6E 4E5

Attention: Jeffrey Bradshaw and
Samantha Arbor
Email:
jeffrey.bradshaw@ca.dlapiper.com ;
samantha.arbor@ca.dlapiper.com
Phone: 604.687.9444
Facsimile: 604.687.1612

**The Claims Bar Date is 5:00 p.m. (Vancouver time) on December 15, 2023 or such other date as may be ordered by the Court.**

**IN ACCORDANCE WITH THE TERMS OF THE CLAIMS PROCESS ORDER, IF YOU FAIL TO COMPLETE AND SUBMIT A PROOF OF CLAIM IN ACCORDANCE WITH THE CLAIMS PROCESS ORDER BY THE CLAIMS BAR DATE YOU WILL BE DEEMED TO HAVE ACCEPTED THE CLAIM AMOUNT(S) SET FORTH IN THIS CLAIMS NOTICE AND SUCH CLAIM WILL BE A PROVEN CLAIM AND ANY FURTHER CLAIMS AGAINST ANY OF NEXTPOINT FINANCIAL, INC., NPI HOLDCO LLC, NPLM HOLDCO LLC, MMS SERVICING LLC, LOANME, LLC, LOANME FUNDING, LLC, LM RETENTION HOLDINGS, LLC, LOANME STORES LLC, LM BP HOLDINGS, LLC, INSIGHTSLOGIC LLC AND LM 2020 CM I SPE, LLC**

Dated the _____ day of November, 2023 at Vancouver, British Columbia

**FTI CONSULTING CANADA INC.**
In its capacity as the court appointed
Monitor of NextPoint Financial, Inc. et al.

_____
PER:

No. S-235288
Vancouver Registry

**IN THE SUPREME COURT OF BRITISH COLUMBIA**

IN THE MATTER OF THE COMPANIES' CREDITORS
ARRANGEMENT ACT,
R.S.C., 1985 c. C-36, AS AMENDED

AND

IN THE MATTER OF A PLAN OF COMPROMISE AND
ARRANGEMENT OF NEXTPOINT FINANCIAL, INC. AND
THOSE PARTIES LISTED ON SCHEDULE "A"

PETITIONERS

---

**ORDER MADE AFTER APPLICATION**

---

DLA Piper (Canada) LLP
Barristers & Solicitors
Suite 2700
1133 Melville Street
Vancouver, BC  V6E 4E5

Tel. No. 604.687.9444
Fax No. 604.687.1612

File No.:  109926-00007                SAA/day